86 F.3d 1162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lynn B. MILNER, Petitioner-Appellant,
v.
Jerry STAINER, Warden, Respondent-Appellee.
 No. 95-16492.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided May 23, 1996.
 
 Before: HUG, Chief Judge, and D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lynn Bernard Milner appeals the district court's denial of his petition for a writ of habeas corpus. See 28 U.S.C. § 2254. Milner seeks relief from his sentence of life without the possibility of parole. He contends that his constitutional rights were violated when the state trial court, upon remand of the case from the California Supreme Court, concluded that it lacked jurisdiction to dismiss the jury's finding of special circumstances upon Milner's conviction of first degree murder. We affirm.
 
 
 3
 1. Milner claims that he was denied his due process liberty rights when the state trial court did not exercise discretion to strike the special circumstance allegations against him after the case had been remanded for resentencing. We, of course, cannot grant relief unless Milner can demonstrate that his federal constitutional rights were violated. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 112 L.Ed.2d 385 (1991). We do not sit to review state court determinations of questions of state law. See Campbell v. Blodgett, 997 F.2d 512, 522 (9th Cir.1992), cert. denied, --- U.S. ----, 114 S.Ct. 1337, 127 L.Ed.2d 685 (1994); Jammal v. Van De Kamp, 926 F.2d 918, 919 (9th Cir.1991).
 
 
 4
 When Milner was sentenced, California courts did have the right to exercise discretion to strike the special circumstance allegations in a murder prosecution. See Cal.Penal Code § 1385 (1980); People v. Williams, 30 Cal.3d 470, 491-92, 637 P.2d 1029, 1041, 179 Cal.Rptr. 443, 455 (1981); see also People v. Heishman, 45 Cal.3d 147, 204, 753 P.2d 629, 667, 246 Cal.Rptr. 673, 711, cert. denied, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988).[1] If a person were denied the exercise of that discretion, perhaps there would be a liberty interest violation. See, e.g., Hicks v. Oklahoma, 447 U.S. 343, 346-47, 100 S.Ct. 2227, 2229-30, 65 L.Ed.2d 175 (1980); Walker v. Deeds, 50 F.3d 670, 673 (9th Cir.1995); Jeffers v. Lewis, 38 F.3d 411, 415 (9th Cir.1994) (en banc), cert. denied, --- U.S. ----, 115 S.Ct. 1709, 131 L.Ed.2d 570 (1995); Fetterly v. Paskett, 997 F.2d 1295, 1300 (9th Cir.1993), cert. denied, --- U.S. ----, 115 S.Ct. 290, 130 L.Ed.2d 205 (1994).
 
 
 5
 However, in this case Milner was not denied the exercise of discretion. In fact, prior to his state appeal he had asked the trial court to exercise its discretion and had also asked that the jury recommendation of death be reduced to life without possibility of parole. At that time, the trial court made it clear that it saw no basis at all for granting any form of leniency to Milner for his vicious crime. Thus, it refused to order any reduction of the sentence against him and let the death penalty stand.
 
 
 6
 On appeal, the California Supreme Court decided that the death penalty itself must be set aside because of errors at the penalty phase. See People v. Milner, 45 Cal.3d 227, 232, 753 P.2d 669, 672, 246 Cal.Rptr. 713, 717 (1988). However, "[i]n all other respects the judgment [was] affirmed." Id. at 258, 753 P.2d at 689, 246 Cal.Rptr. at 733. Specifically, the court affirmed "the judgment as to guilt and the special circumstance finding." Id. at 232, 753 P.2d at 672, 246 Cal.Rptr. at 717. After the California Supreme Court had ruled, the determination of the California courts that the only issue remaining was whether Milner should receive the death penalty or life without possibility of parole was a question of state law. Milner's federal due process rights were not violated.
 
 
 7
 2. Milner also claims that his equal protection rights were violated because he was subjected to an irrational classification. As he sees it, he should have been treated exactly the same way as a person who had not yet been sentenced at all. In that he errs. He, of course, must identify a similarly situated class which was treated differently. See Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995); see also Del Vecchio v. Illinois Dep't of Corrections, 31 F.3d 1363, 1386 (7th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 1404, 131 L.Ed.2d 290 (1995). That he cannot do. A person who has not yet had an opportunity for an exercise of trial court discretion and who has not had his case decided on direct appeal to the California Supreme Court is clearly in a different position from Milner. He had those opportunities, and he had the judgment against him affirmed on appeal in all respects other than a choice between death and life without possibility of parole.
 
 
 8
 3. Milner's Eighth Amendment claim fares no better. Essentially, he attempts to pour the same old wine into a new bottle by asserting that he has been improperly punished. However, the fact is that he has obtained all of the benefits that he was entitled to under California law. Moreover, the ultimate sentence of life without possibility of parole for his cold-blooded slaying of an employer who had befriended him was not overly harsh.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 There is no such right any longer. See Cal.Penal Code § 1385.1 (June 5, 1990); People v. Mora, 39 Cal.App. 4th 607, 614-15, 46 Cal.Rptr.2d 99, 104 (1995)