ANTHONY RAY FRENCH, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 12820

DANIEL ROY REZIN, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 13039

May 27, 1982

645 P.2d 440

---

*J. Gregory Damm,* State Public Defender, for Appellant Anthony Ray French.

*Stephen R. Wassner,* Zephyr Cove, for Appellant Daniel Roy Rezin.

*Richard H. Bryan,* Attorney General, *Richard E. Thornley* and *Brooke A. Nielsen,* Deputy Attorneys General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

The issue presented in these consolidated appeals is whether a district judge has discretion to dismiss a habitual criminal count in an information at any time prior to sentencing. NRS 207.010. We hold that the court has such discretion.

Appellants were each convicted in the district court of a felony. Each had been convicted of two prior felonies. Each was adjudged a habitual criminal under NRS 207.010, and sentenced to ten years imprisonment. At the time of sentencing in each case, the district judge stated that he did not have discretion to dismiss the count of the information charging habitual criminality.

Appellants seek resentencing on the grounds that the district judge mistakenly failed to exercise discretion given to him by NRS 207.010(4).[1] The state contends that the district court had no discretion to dismiss the habitual criminal counts once two prior offenses had been proved. We agree with appellants' argument, and we remand the case for resentencing.

NRS 207.010(4) reads:

It is within the discretion of the district attorney whether

---

[1] French also appeals from his conviction on the escape charge, claiming a violation of his right to a trial within sixty days under NRS 178.556. His contention is meritless and we affirm the conviction.

or not to include a count under this section in any information, *and the trial judge may, at his discretion, dismiss a count under this section which is included in any indictment or information.* (Emphasis added.)

The statute contains no express limitation on the discretion conferred by subsection 4. The purpose of the subsection, as revealed by the legislative history, is to permit a judge to dismiss a count under NRS 207.010 when the prior offenses are stale or trivial, or in other circumstances where an adjudication of habitual criminality would not serve the purposes of the statute or the interests of justice. *See also* Dotson v. State, 80 Nev. 42, 389 P.2d 77 (1964).

We hold that a district judge has discretion to dismiss a count under NRS 207.010 at any time before sentencing. Because the district judge in the instant cases failed to exercise the discretion conferred on him by law, we affirm the convictions, but we vacate the adjudications of habitual criminality and the sentences imposed thereon. We remand the cases to the district court for resentencing in accordance with this opinion. We of course express no opinion as to the sentences to be imposed on remand as that decision rests with the trial judge.