RICHARD K. DUMAINE, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 16654

March 31, 1987                              734 P.2d 1230

*Michael R. Specchio,* Reno, for Appellant.

*Brian McKay,* Attorney General, *William G. Rogers,* District Attorney, and *Archie E. Blake,* Deputy District Attorney, Lyon County, for Respondent.

---

[3]We note that appellant's present counsel of record did not represent appellant in the lower court.

## OPINION

*Per Curiam:*

This is an appeal from a verdict and judgment of conviction for one count of battery by a prisoner in lawful custody or confinement. *See* NRS 200.481(2)(e).

The appellant has been sentenced to eighteen months in the Nevada State Prison. Because we find that the facts proved are insufficient to establish the crime charged, we reverse.

Richard K. Dumaine, a forty-one-year-old carpenter, was driving his pickup truck on Highway 50 in Lyon County, Nevada, at approximately 10:30 p.m. Charles S. Neville, a Nevada Highway Patrol corporal, thought he perceived the truck weaving.

Corporal Neville followed Dumaine's truck and signaled the driver to stop. Neville confronted Dumaine and demanded a driver's license, registration and proof of insurance. Dumaine cooperated. Dumaine remained in the truck as Neville examined the documents. While looking at the documents, Neville thought he perceived that Dumaine's eyes were watery and bloodshot,

that his face was flushed, and that he had a moderate odor of alcohol about him.

Upon Neville's request, Dumaine exited the truck and walked back to the highway patrol vehicle where he submitted to field sobriety tests. Based on the results of these tests, Neville determined to arrest Dumaine. He ordered the suspect to turn around and place his hands behind his back. Dumaine complied. Neville testified he then told Dumaine that he was under arrest, and attempted to handcuff Dumaine, but before he could do so, Neville claims Dumaine turned and hit Neville in the right side of the head with his fist. According to Neville, Dumaine then chased Neville around the patrol car several times until Neville was able to side-step and hit Dumaine once with his nightstick, rendering Dumaine unconscious. Neville then handcuffed Dumaine, transported him to jail, and caused him to be charged with battery while a prisoner in lawful custody or confinement, a felony.

At trial, Dumaine disputed Neville's version of the events. He denied hitting Neville at all. He claimed Neville inexplicably appeared to become excited and frightened after the field sobriety tests and locked himself in the car. Dumaine contended that he waited, leaning against the patrol car, until Neville exited the other side of the car, approached Dumaine from the rear, and beat him about the head with his nightstick.

Dumaine introduced evidence that he received multiple injuries to the head. He was bleeding from the rear of the head. He had a large lump on the side of his head. He had another lump on the right side of his head, toward the front. His skull was fractured. His right cheek was bruised. These injuries appear far in excess of what could be explained by Neville's testimony.

Dumaine sought to introduce expert testimony that his injuries were caused by a beating with a club (the nightstick), but the trial court would not allow him to do so. The court would only allow Dumaine's expert witness to describe the injuries, but not to give his opinion as to the nature of their cause. This evidence was offered to impeach Neville's claim that he struck Dumaine only once.

Ordinarily we might well remand the case for a new trial because highly relevant expert opinion evidence was excluded.

Furthermore, although we need not reach the question, it is of some concern to us also that the trial court excluded certain official Highway Patrol personnel records which evaluated Corporal Neville, and which would have tended to establish Neville's inclination for excitability when making arrests. However, we find that a remand is not necessary in the instant case. This is so because the evidence presented by the state simply does not establish the charged crime.

Battery by a prisoner can only be committed by a prisoner in lawful custody or confinement. NRS 200.481. If Dumaine struck Neville under the circumstances described by Neville, this might well constitute resisting arrest, NRS 199.280, but it would not constitute the felony of battery by a prisoner in lawful custody. At the time Dumaine is alleged to have struck Neville, he was not a prisoner.

The state argues that, when Neville told Dumaine that he was "under arrest," Dumaine then became a "prisoner." We disagree. If Dumaine had been running down the street, attempting to evade capture, with Neville in hot pursuit, repeatedly warning Dumaine that he was under arrest, would Dumaine have been a prisoner? We think not. One becomes a prisoner when one is *"held"* in custody under process of law or under lawful arrest. NRS 193.022; NRS 208.085. (Emphasis added.) The clear implication is that one cannot become a prisoner until one either submits to the control of the arresting officer or is captured, *i.e.,* is taken and held in control. There must be an actual restraint of liberty in order to imprison a suspect.

The difference between an arrest and an attempted arrest is made clear by NRS 171.122. This statute, concerning the execution of arrest warrants, authorizes an officer to use necessary force to effect an arrest in the event that the defendant resists or flees. If one became a prisoner upon the talismanic recitation that one is under arrest, no force would be necessary. Thus, in contemplation of Nevada law, it seems one becomes a prisoner by becoming imprisoned.

The Ohio Supreme Court, when faced with an analogous problem, held that for purposes of an escape statute, "detention" occurs when the arresting officer has established control over the defendant's person. State v. Reed, 418 N.E.2d 1359 (Ohio 1981). A lower court in Ohio reached the same conclusion. State v. Magnuson, 440 N.E.2d 581 (OhioCt.App. 1981). In *Magnuson,* the defendant fled from a police officer and broke into an apartment. The officer had blocked the suspect's car and displayed his weapon in an attempt to detain the suspect. The court held the defendant was not guilty of burglary because his intent was to commit a misdemeanor, resisting arrest, not a felony, escape from detention.

The battery in the instant case occurred before Neville physically controlled or contained the appellant. Therefore, the appellant had not yet attained the status of "prisoner" when and if he battered the officer. One who forcefully resists being taken into

custody may be guilty of resisting arrest, but he also retains a status other than prisoner. He may be a fugitive; he is not a prisoner.

Once one becomes a prisoner, one remains a prisoner even though the actual physical control is lessened. *See* State v. Brill, 83 N.W.2d 721 (Wisc. 1957). But there must at some point be established actual physical control of the person.

A prisoner is defined as a person deprived of his liberty and kept under involuntary restraint, confinement or custody. *Webster's Ninth New Collegiate Dictionary* 936 (1983). In accord is *Black's Law Dictionary* 1075 (5th ed. 1979). When construing a statute, words will be given their ordinary meaning if possible. *Cf.* Scott v. Justice's Court, 84 Nev. 9, 534 P.2d 747 (1968). We have no difficulty determining the ordinary meaning of the word "prisoner" in the instant case. Dumaine was not a prisoner, because he was not confined at the time of the alleged battery. According to Neville's version of events, Neville was preparing or attempting to take Dumaine prisoner, but he had not yet executed his chore.

Penal statutes, especially, must be strictly construed. Where a person is charged with a violation of the provisions of a penal statute, and a reasonable doubt exists as to whether that person's conduct comes within the statute, such doubt must be resolved in favor of the accused. Sheriff v. Hanks, 91 Nev. 57, 530 P.2d 1191 (1975). A strict construction of the statute in the instant case mandates reversal, and we do not believe such a construction does an injustice to the intent of the legislature. The legislature has made two different acts criminal. One who forcefully resists an arrest is guilty of a misdemeanor. One who uses force after being taken into custody commits a felony.

We therefore hold that appellant, who had not yet either submitted to arrest or been physically confined or controlled, at the inception of the altercation with Corporal Neville, was not a "prisoner" within the meaning of NRS 200.481(2)(e). We therefore reverse.