THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY THOMPSON, Defendant-Appellant.

Third District   No. 3—91—0229

Opinion filed May 22, 1992.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HAASE delivered the opinion of the court:

The defendant, Anthony Thompson, pled guilty to aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(6)) and was sentenced to a four-year term of imprisonment. The term was to be served consecutive to the defendant's previous commitment as a juvenile. He appeals. We modify and affirm.

The record shows that on November 28, 1989, the 16-year-old defendant was incarcerated in the juvenile division of the Department of Corrections (DOC) at the Illinois Youth Center in Joliet. On that date correctional officer Yves Elysee attempted to lock the defendant in his room. An argument ensued, and the defendant struck Elysee in the face, causing Elysee to suffer an injury to his left cheek.

Thereafter, the defendant, as an adult, entered a blind plea of guilty to the aggravated battery charge. Prior to accepting the plea, the trial court advised the defendant that he could be sentenced to a term of two to five years of imprisonment. However, the court did not advise the defendant that a consecutive sentence could be imposed.

The record from the sentencing hearing shows that on December 31, 1987, the defendant was adjudicated delinquent and committed for an indeterminate term to the juvenile division of the DOC. Following extensive arguments regarding the propriety of imposing a consecutive sentence, the trial court found that such a sentence could be imposed. As such, pursuant to section 5—8—4(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(f)), it sentenced the defendant to a consecutive four-year term of imprisonment.

On appeal, the defendant argues that the trial court erred in imposing a consecutive sentence. Specifically, he contends that the Juve-

nile Court Act of 1987 (Ill. Rev. Stat. 1989, ch. 37, par. 801—1 *et seq.*) does not provide for a felony conviction to run consecutively to a noncriminal, nonfelony juvenile disposition.

The defendant notes that all statutory provisions defining situations where consecutive sentences may be imposed require that a defendant have more than one criminal conviction and sentence. (See Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(f).) Therefore, he argues that since adjudications of delinquency under the Juvenile Court Act are not criminal proceedings (see *In re Beasley* (1977), 66 Ill. 2d 385, 362 N.E.2d 1024; *In re B.S.* (1979), 73 Ill. App. 3d 507, 392 N.E.2d 62), a consecutive sentence could not be imposed in the case at hand.

In response, the State argues that the juvenile defendant in this case committed the aggravated battery while committed to the DOC. It notes that the Unified Code of Corrections provides that the "sentence of an offender committed to the Department of Corrections at the time of the commission of the offense shall be served consecutive to the sentence under which he is held by the Department of Corrections." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(f).) As such, since the defendant was committed to the DOC and he committed a crime while incarcerated there, the imposition of a consecutive sentence was proper.

We note that the issue presented in this case appears to be one of first impression, although a similar issue was addressed in *People v. Bridges* (1989), 188 Ill. App. 3d 961, 545 N.E.2d 367. In *Bridges*, the defendant was convicted of committing an aggravated battery while incarcerated in the juvenile division of the Department of Corrections, and his sentence was made consecutive to his juvenile term of confinement. In affirming the sentence, the court specifically stated that the controlling factor was the underlying basis of the defendant's sentence to the juvenile division of the Department of Corrections.

The court found the underlying bases for the original confinement were the defendant's felony convictions for attempted murder and voluntary manslaughter. It rejected the defendant's argument that the underlying basis was the defendant's adjudication as a delinquent. As such, the court apparently found that since the defendant's original "sentence" was for a felony conviction, his second felony conviction sentence could properly be made consecutive to his first "sentence."

However, in the case at hand, we are not presented with a situation where the defendant's underlying basis of confinement to the juvenile division of the Department of Corrections was a conviction for a felony. Rather, the basis of the defendant's confinement was his ad-

judication as a delinquent. As such, we find that *Bridges* is inapplicable to the case at hand.

The issue presented in this case is whether a sentence imposed on a juvenile who commits a felony while in the juvenile division of the DOC can be made consecutive to the original terms of confinement, when the underlying basis of the commitment was an adjudication of delinquency. We find that it cannot.

By well-settled principles of law, a criminal or penal statute is to be strictly construed in favor of an accused, and nothing is to be taken by intendment or implication against him beyond the obvious or literal meaning of such statutes. As such, if a statute creating or increasing a penalty or punishment is capable of two constructions, that which operates in favor of the accused is to be adopted. *People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180.

In the case at hand, we have not found any language in the Juvenile Court Act (Act) which states that an adjudication of delinquency amounts to a criminal conviction. In addition, nothing in the Act suggests that the disposition of a juvenile case is equivalent to an adult "sentence." In fact, the Act carefully avoids the terms "criminal convictions" and "sentence" and instead uses the terms "adjudication" and "disposition." See Ill. Rev. Stat. 1989, ch. 37, pars. 805—20, 805—22.

Moreover, the purpose and policy of the Act make it clear that the avoidance of terms such as criminal "conviction" and "sentence" is not merely a formal distinction, since the Act is designed to serve the best interest of the minor and is not necessarily designed to be punitive. (Ill. Rev. Stat. 1989, ch. 37, par. 801—2.) In comparison, the purpose and policy of the Unified Code of Corrections are designed to be punitive as well as rehabilitative. See Ill. Rev. Stat. 1989, ch. 38, par. 1001—1—2.

In a further comparison between treatment under the Act and treatment as an adult criminal, we note that except in limited circumstances, the Act specifically precludes minors from being prosecuted under the Criminal Code. Ill. Rev. Stat. 1989, ch. 37, par. 805—4.

Based on the foregoing, we find that a juvenile adjudication and disposition are not equivalent to a criminal conviction and sentence. As such, since a felony sentence can only be made to run consecutive to another criminal felony sentence, we find that it was statutorily improper to make the defendant's felony sentence consecutive to his noncriminal, nonfelony juvenile disposition.

The State asks this court to expand the definition of "sentence" to include individuals committed under the Juvenile Court Act. It

contends that to follow the defendant's argument would be to allow juvenile offenders to commit serious crimes while incarcerated in the Juvenile Department without fear of serious consequences in adult court. It further argues that this result is contrary to the legislative intent and leads to the absurd result that any juvenile 16 years old or less could commit an aggravated battery on correctional officers without fear of an extended punishment.

While we agree with the State that our disposition of this case allows juveniles 16 years old and under to commit felonious acts while incarcerated in the juvenile division of the Department of Corrections without the threat of a consecutive sentence against them, we must, nonetheless, strictly construe the statutes in question in favor of the defendant. The result which the State desires in this case can only be achieved by action of the people acting through the General Assembly. We invite the legislature to review the Juvenile Court Act in light of this decision and make whatever changes it finds necessary to protect correctional officers from attacks by juvenile inmates.

We note that our decision in this case renders moot the defendant's remaining issue.

Accordingly, we modify the defendant's sentence to run concurrently with his juvenile incarceration and otherwise affirm the decision of the circuit court of Will County.

Affirmed as modified.

GORMAN and STOUDER, JJ., concur.