KIRT DOUGLAS ROBINSON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 35473

February 5, 2001

17 P.3d 420

*Michael R. Specchio,* Public Defender, and *Cheryl D. Bond,* Deputy Public Defender, Washoe County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Richard*

*A. Gammick,* District Attorney, and *Joseph R. Plater III,* Deputy District Attorney, Washoe County, for Respondent.

Before SHEARING, AGOSTI and LEAVITT, JJ.

## OPINION

By the Court, LEAVITT, J.:

At issue in this case is whether the term "prisoner" as defined in NRS 193.022 applies to persons placed in civil protective custody. We hold that the term "prisoner" only applies to individuals in custody for criminal conduct, and not to persons in civil protective custody. Therefore, the district court erroneously convicted appellant for battery by a prisoner while he was in the civil protective custody of the Washoe County Jail.

### FACTS

In November 1999, appellant Kirt Douglas Robinson pleaded guilty to one count of battery by a prisoner. The conviction was a result of Robinson striking three other prisoners while under the civil protective custody of police in the Washoe County Jail. Prior to committing the batteries, Robinson had lawfully been placed in the cell, pursuant to NRS 458.270, following a display of public drunkenness.[1] Although the batteries would normally be classified as misdemeanors in any other setting, NRS 200.481(2)(f) provides that it is a category B felony for "a prisoner who is in lawful custody or confinement" to commit a battery.

Robinson filed a motion to strike in the lower court, asserting that the formal charge should not have classified him as a "prisoner." The district judge denied the motion, and Robinson subsequently pleaded guilty to the charge with the stipulation that he could appeal the court's denial of the motion to strike. The district court sentenced appellant to serve a term of imprisonment for a minimum of nineteen (19) months and a maximum of forty-eight (48) months.

---

[1]NRS 458.270 states in part that "a person who is found in any public place under the influence of alcohol, in such a condition that he is unable to exercise care for his own health or safety or the health or safety of others, must be placed under civil protective custody by a peace officer."

## DISCUSSION

The Nevada Legislature has made it clear that public intoxication shall no longer be recognized as a criminal offense.

> The legislature finds and declares that the handling of alcohol abusers within the criminal justice system is ineffective, whereas treating alcohol abuse as a health problem allows its prevention and treatment and relieves law enforcement agencies of a large and inappropriate burden. . . . NRS 458.250 to 458.280, inclusive, are further intended to transfer the handling of public intoxication from statutes providing criminal sanctions, such as loitering and vagrancy, to statutes providing for civil protective custody.

NRS 458.250.

To facilitate the handling of publicly intoxicated individuals, NRS 458.270(1) requires peace officers to place these individuals under civil protective custody. This form of protective custody is clearly not intended as a means of punishment for intoxicated persons. Rather, it allows peace officers to place an intoxicated individual into civil protective custody whenever the individual "is unable to exercise care for his own health or safety or the health or safety of others." NRS 458.270(1).

Additionally, NRS 458.270(3) requires that before an intoxicated individual can be taken to a police detention facility, the individual must first be taken to an alcohol treatment facility. Only if no such facility exists shall the police then take the individual to jail. *See* NRS 458.270(3). Even if jail is the only place to provide civil protective custody, the police may not detain the individual for more than 48 hours. *See id.* Furthermore, NRS 458.010(6) states that "[c]ivil protective custody does not have any criminal implication."

In this instance, no treatment center was available to house Robinson. As a result, the police placed Robinson in the Washoe County Jail. Robinson does not contend that he was unlawfully placed in the facility. To the contrary, Robinson only asserts that because no criminal charges were pending against him at the time he was taken to jail, he should not have been classified as a "prisoner" when he committed the batteries. We agree.

In *Dumaine v. State,* 103 Nev. 121, 125, 734 P.2d 1230, 1233 (1987), we held that a "prisoner" includes anyone who is "deprived of his liberty and kept under involuntary restraint, confinement or custody." This definition of "prisoner" was intended to apply solely in its criminal context. Unlike the present case, the battery that occurred in *Dumaine* took place as the police officer was attempting to take the intoxicated individual into criminal custody for drunk driving. *See id.* at 123, 734 P.2d at 1231.

Conversely, the police took Robinson into police custody with the intent only to provide him a place of safety during his inebriation.

We conclude that the definition of "prisoner" under NRS 193.022 was also meant to only apply in the criminal setting. Although the statute defines a "prisoner" to include "any person held in custody under process of law, or under lawful arrest," the term is defined in the criminal chapter of the Nevada Revised Statutes.

Furthermore, other states have limited the definition of prisoner to its criminal context. In particular, California has defined "prisoner" to include any "inmate of a prison, jail, or penal or correctional facility" or any "lawfully arrested person who is brought into a law enforcement facility for the purpose of being booked." Cal. Gov. Code § 844 (1995). Likewise, in Idaho, the term refers to "a person who has been convicted of a crime in the state . . . or who is convicted of and sentenced for a crime in a state other than the state of Idaho." Idaho Code § 18-101A(5) (2000). And in Washington, "prisoner" refers to "a person either male or female, convicted of a felony and sentenced by the superior court to a term of confinement and treatment in a state correctional institution under the jurisdiction of the department." Wash. Rev. Code Ann. § 72.65.010 (1992).

## CONCLUSION

We conclude that Robinson was not a "prisoner" of the Washoe County Jail, but rather, an inebriated person not subject to the statutorial definition of NRS 193.022. If Robinson committed the batteries in a treatment facility, he would not have been charged with a felony. Robinson should not have been exposed to greater liability merely because he was taken to one facility rather than the other. Accordingly, we reverse Robinson's conviction, and remand to allow Robinson to withdraw his plea of guilty.

SHEARING and AGOSTI, JJ., concur.