THE STATE OF NEVADA, APPELLANT, *v.*
JAVIER C., A MINOR, RESPONDENT.

No. 58622

October 4, 2012                                     289 P.3d 1194

*Catherine Cortez Masto*, Attorney General, Carson City; *Mark Torvinen*, District Attorney, and *Mark S. Mills*, Deputy District Attorney, Elko County, for Appellant.

*Frederick B. Lee, Jr.*, Public Defender, Elko County, for Respondent.

Before SAITTA, PICKERING and HARDESTY, JJ.

## OPINION

By the Court, PICKERING, J.:

We consider whether a juvenile detained for delinquency in a state facility is a "prisoner" for purposes of NRS 200.481(2)(f), Nevada's felony battery-by-a-prisoner statute.

## I.

Respondent Javier C. was adjudicated delinquent and committed to the Nevada Youth Training Center (NYTC), "a state facility for the detention or commitment of [delinquent] children." NRS 62A.330. While there, he allegedly battered a group supervisor. The State charged him as an adult with battery by a prisoner under NRS 200.481(2)(f), a category B felony.

On motion by Javier C., the district court dismissed the charge. Nevada's Juvenile Justice Code, NRS Title 5, emphasizes that "[a] child who is adjudicated [delinquent] is not a criminal," NRS 62E.010(1), and that juvenile proceedings are not "criminal in nature," NRS 62D.010(1)(a). Citing these statutes and *Robinson v. State*, 117 Nev. 97, 98, 17 P.3d 420, 421 (2001), which broadly holds that "prisoner" as used in NRS 200.481(2)(f) "was 'meant to only apply in the criminal setting,'" *id.* at 100, 17 P.3d at 422, Judge Puccinelli held that, because Javier C.'s detention at NYTC was civil, not criminal, he was not a "prisoner" to whom NRS 200.481(2)(f) could apply.

The State appeals. Our review is de novo, *see Lucero v. State*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011) ("we review questions of statutory interpretation de novo"), and we affirm.

## II.

NRS 200.481 defines battery as "any willful and unlawful use of force or violence upon the person of another." The statute then subdivides the crime of battery into misdemeanor, gross misdemeanor, and felony offenses depending on victim, means, setting, and resulting bodily harm.[1] Our focus is on NRS 200.481(2)(f), battery "by a prisoner who is in lawful custody or confinement," since that is the charge the State brought against Javier C.

NRS 200.481(2)(f) reads in relevant part as follows:

> [A] person convicted of a battery . . . shall be punished:
>
> . . . .
>
> (f) If the battery is committed by a probationer, a prisoner who is in lawful custody or confinement or a parolee, without the use of a deadly weapon, whether or not substantial bodily harm results and whether or not the battery is committed by strangulation, for a category B felony by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 6 years.

NRS 200.481 is part of Title 15 of the Nevada Revised Statutes, "Crimes and Punishments," so "unless the context requires oth-

---

[1]NRS 200.481 has been revised repeatedly over the years. It is reproduced in current form as an appendix to this opinion.

erwise," the definitions in NRS Chapter 193 apply. NRS 193.010; *see Dumaine v. State*, 103 Nev. 121, 124-25, 734 P.2d 1230, 1232-33 (1987) (consulting NRS 193.022's definition of "prisoner" in construing predecessor version of NRS 200.481(2)(f)). Under NRS 193.022, "prisoner" is defined to "include[ ] any person held in custody under process of law, or under lawful arrest."

We considered what NRS 200.481(2)(f) and NRS 193.022 mean by "prisoner" in *Robinson v. State*, 117 Nev. 97, 17 P.3d 420 (2001). The battery in *Robinson* occurred in the Washoe County jail, where Robinson was confined after being taken into civil protective custody pursuant to NRS 458.270 for public drunkenness. *Id.* at 98, 17 P.3d at 421. While confined, Robinson beat up three of his cellmates, and the State charged him with battery by a prisoner under NRS 200.481(2)(f). *Id.* NRS 458.010(5) defines "[c]ivil protective custody" to mean "a custodial placement of a person to protect the health or safety of the person" and states: "Civil protective custody does not have any criminal implication." Quoting NRS 458.010(5) (then numbered NRS 458.010(6)), this court reversed Robinson's battery-by-a-prisoner conviction. *Robinson*, 117 Nev. at 99-100, 17 P.3d at 422. We held that Robinson "should not have been classified as a 'prisoner' when he committed the batteries," because "prisoner" as defined by NRS 193.022 and used in NRS 200.481(2)(f) "was intended to apply solely in its criminal context." *Robinson*, 117 Nev. at 99, 17 P.3d at 422. "[T]he term 'prisoner' only applies to individuals in custody for criminal conduct, and not to persons in civil protective custody." *Id.* at 98, 17 P.3d at 421.

Like Robinson, Javier C. was "in custody" when the alleged battery occurred. *See* NRS 63.440(1) (juvenile court may commit "a delinquent child to the custody of the Division of Child and Family Services"). His confinement was also "under process of law," since his custodial placement followed a juvenile court delinquency adjudication conducted according to the legal processes provided in NRS Chapters 62C and 62D. But under *Robinson*, an alleged batterer who is "held in custody under process of law," thereby seeming to meet NRS 193.022's literal definition of "prisoner," does not automatically become subject to prosecution for felony battery by a prisoner under NRS 200.481(2)(f). In addition, for NRS 193.022 and NRS 200.481(2)(f) to apply, the alleged batterer must have been "in custody for criminal conduct," *Robinson*, 117 Nev. at 98, 17 P.3d at 421, and his confinement must have occurred "in [the] criminal context." *Id.* at 99, 17 P.3d at 422.

Both NRS 193.022 and NRS 200.481 are part of Title 15 of the Nevada Revised Statutes, "Crimes and Punishments." *See Robinson*, 117 Nev. at 100, 17 P.3d at 422 (emphasizing that NRS 193.022 defines "prisoner" for use "in the criminal chapter of the Nevada Revised Statutes"). Juvenile proceedings, by contrast, are governed by Title 5, "Juvenile Justice." As with civil protective custody, the Legislature has specified that juvenile justice proceedings are "not criminal in nature." NRS 62D.010(1)(a). Underscoring the point, NRS 62E.010(1) declares: "A child who is adjudicated pursuant to the provisions of this title is *not* a criminal and any adjudication is *not* a conviction, and a child may be charged with a crime or convicted in a criminal proceeding *only* as provided in this title [5]." (Emphases added.) And, as a facility for the "detention or commitment of [delinquent] children," NRS 62A.330, NYTC "[m]ust not be deemed to be or treated as a penal institution." NRS 62B.210(1)(b).

The State urges us to distinguish, not overrule, *Robinson*. In its view, Javier C.'s circumstances differ fundamentally from Robinson's. Javier C. committed acts that, if committed by an adult, amounted to felony theft. *See* NRS 62B.330(2)(c). The public drunkenness that landed Robinson in jail, by contrast, does not by law have "any criminal implication." NRS 458.010(5). The State also offers a public policy argument: Juveniles detained in state facilities for delinquency present risks to their caretakers and others; applying the enhanced penalties provided by NRS 200.481(2)(f) for batteries by prisoners deters misconduct. Finally, the State points to NRS 62B.400(1), which provides that "[a] child shall be deemed to be a prisoner who has escaped or attempted to escape from lawful custody in violation of NRS 212.090" (which makes escape by an adult prisoner a crime) if, having been "committed to or otherwise . . . placed in a public . . . facility for the detention or correctional care of children," the child "[e]scapes or attempts to escape." If an adjudicated delinquent is a "prisoner" for purposes of the escape statute, the State argues, so, too, should he be a "prisoner" for purposes of NRS 200.481(2)(f). *See also In Interest of C.D.M*, 370 N.W.2d 287, 289 & n.2 (Wis. Ct. App. 1985) (holding that a delinquent confined to a secured juvenile correctional facility was subject to proceedings under special battery and assault statutes applicable to "[a]ny prisoner confined to a state prison or other state, county or municipal detention facility" (quoting Wis. Stat. §§ 940.20(1) and 946.43(1)).

We reject the State's arguments. *Robinson* limits the custodial confinements that will support battery by a prisoner to *criminal* custodial confinements. By law, Javier C.'s custodial confinement is civil. As for the need to deter batteries by adjudicated delinquents housed at NYTC, juveniles remain subject to delinquency

or, if certified as an adult, criminal proceedings for battery under other provisions of NRS 200.481; we hold only that they are not "prisoners" and subject to prosecution for felony battery by a prisoner under NRS 200.481(2)(f).[2] Finally, NRS 62B.400(1), the detained-juvenile escape statute on which the State relies, militates against, not in favor of, applying NRS 200.481(2)(f) to detained juveniles: A child who escapes or attempts to escape from detention would not need to be *"deemed* to be a prisoner who has escaped or attempted to escape from lawful custody," NRS 62B.400(1) (emphasis added), if he or she already occupied that status based on the definition in NRS 193.022. Also, Nevada follows the maxim "expressio unius est exclusio alterius," the expression of one thing is the exclusion of another. *Cramer v. State, DMV,* 126 Nev. 388, 394, 240 P.3d 8, 12 (2010). The fact the Legislature specifically deemed juveniles to be prisoners for purposes of the adult criminal escape statutes suggests juveniles are not prisoners for other purposes, including application of NRS 200.481(2)(f).

The rule of lenity teaches that, "Ambiguity in a statute defining a crime or imposing a penalty should be resolved in the defendant's favor." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 296 (Thomson/West 2012); *Lucero,* 127 Nev. at 99, 249 P.3d at 1230 (the " 'rule of lenity demands that ambiguities in criminal statutes be liberally interpreted in the accused's favor' " (quoting *Moore v. State,* 122 Nev. 27, 32, 126 P.3d 508, 511 (2006))); *see United States v. Santos,* 553 U.S. 507, 514 (2008) ("'[t]his venerable rule . . . vindicates the fundamental principle that no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed"). At least one state has passed legislation expressly subjecting detained juveniles to the enhanced penalties applicable to prisoners who commit assaultive crimes. *See* Utah Code Ann. § 76-5-202(1)(a) (LexisNexis 2008), *discussed in State v. Gardner,* 947 P.2d 630 (Utah 1997). Lacking such language, NRS 200.481(2)(f)'s application to detained juveniles is uncertain at best. Under the rule of lenity, "the tie must go to the defendant." *Santos,* 553 U.S. at 514. We therefore conclude that NRS 200.481(2)(f) does not apply to detained juveniles like Javier C. *See In re Rochelle B.,* 57 Cal. Rptr. 2d 851, 856-57 (Ct. App. 1996) (unless the Legislature specifically so states, "juvenile

---

[2]NRS 200.481 provides enhanced penalties for attacks on state officials and attacks that involve substantial bodily injury, strangulation, or use of a deadly weapon. *See also* Hearing on S.B. 31 Before the Senate Judiciary Comm., 71st Leg. (Nev., Feb. 22, 2001) (noting that "adding 'juvenile offenders' would complicate the intent of a bill" intended to protect probation and parole officers since "[j]uvenile officers who make home visits are already covered under the definition of 'officer' "); NRS 200.481(1)(c) (defining "officer").

wards detained in juvenile hall are not subject to criminal statutes directed at 'prisoners' ''; limiting California's felony battery-by-a-prisoner statute to ''batteries committed against custodial officers in *adult* penal institutions''); *People v. Thompson*, 593 N.E.2d 154, 155 (Ill. App. Ct. 1992) (declining to find a juvenile adjudication and disposition to be the equivalent of a criminal conviction and sentence for purposes of an aggravated battery statute applicable to incarcerated felons: ''By well-settled principles of law, a criminal or penal statute is to be strictly construed in favor of an accused, and nothing is to be taken by intendment or implication against him beyond the obvious or literal meaning of such statute[ ]'').

For these reasons, we affirm.

SAITTA and HARDESTY, JJ., concur.

## APPENDIX A—NRS 200.481

### NRS 200.481 Battery: Definitions; penalties.

1. As used in this section:

(a) ''Battery'' means any willful and unlawful use of force or violence upon the person of another.

(b) ''Child'' means a person less than 18 years of age.

(c) ''Officer'' means:

(1) A person who possesses some or all of the powers of a peace officer;

(2) A person employed in a full-time salaried occupation of fire fighting for the benefit or safety of the public;

(3) A member of a volunteer fire department;

(4) A jailer, guard, matron or other correctional officer of a city or county jail or detention facility;

(5) A justice of the Supreme Court, district judge, justice of the peace, municipal judge, magistrate, court commissioner, master or referee, including, without limitation, a person acting pro tempore in a capacity listed in this subparagraph; or

(6) An employee of the State or a political subdivision of the State whose official duties require the employee to make home visits.

(d) ''Provider of health care'' has the meaning ascribed to it in NRS 200.471.

(e) ''School employee'' means a licensed or unlicensed person employed by a board of trustees of a school district pursuant to NRS 391.100.

(f) ''Sporting event'' has the meaning ascribed to it in NRS 41.630.

(g) ''Sports official'' has the meaning ascribed to it in NRS 41.630.

(h) "Strangulation" means intentionally impeding the normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person in a manner that creates a risk of death or substantial bodily harm.

(i) "Taxicab" has the meaning ascribed to it in NRS 706.8816.

(j) "Taxicab driver" means a person who operates a taxicab.

(k) "Transit operator" means a person who operates a bus or other vehicle as part of a public mass transportation system.

2. Except as otherwise provided in NRS 200.485, a person convicted of a battery, other than a battery committed by an adult upon a child which constitutes child abuse, shall be punished:

(a) If the battery is not committed with a deadly weapon, and no substantial bodily harm to the victim results, except under circumstances where a greater penalty is provided in this section or NRS 197.090, for a misdemeanor.

(b) If the battery is not committed with a deadly weapon, and either substantial bodily harm to the victim results or the battery is committed by strangulation, for a category C felony as provided in NRS 193.130.

(c) If:

(1) The battery is committed upon an officer, provider of health care, school employee, taxicab driver or transit operator who was performing his or her duty or upon a sports official based on the performance of his or her duties at a sporting event;

(2) The officer, provider of health care, school employee, taxicab driver, transit operator or sports official suffers substantial bodily harm or the battery is committed by strangulation; and

(3) The person charged knew or should have known that the victim was an officer, provider of health care, school employee, taxicab driver, transit operator or sports official,

→for a category B felony by imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of not more than 10 years, or by a fine of not more than $10,000, or by both fine and imprisonment.

(d) If the battery is committed upon an officer, provider of health care, school employee, taxicab driver or transit operator who is performing his or her duty or upon a sports official based on the performance of his or her duties at a sporting event and the person charged knew or should have known that the victim was an officer, provider of health care, school employee, taxicab driver, transit operator or sports official, for a gross misdemeanor, except under circumstances where a greater penalty is provided in this section.

(e) If the battery is committed with the use of a deadly weapon, and:

(1) No substantial bodily harm to the victim results, for a category B felony by imprisonment in the state prison for a mini-

mum term of not less than 2 years and a maximum term of not more than 10 years, and may be further punished by a fine of not more than $10,000.

(2) Substantial bodily harm to the victim results or the battery is committed by strangulation, for a category B felony by imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of not more than 15 years, and may be further punished by a fine of not more than $10,000.

(f) If the battery is committed by a probationer, a prisoner who is in lawful custody or confinement or a parolee, without the use of a deadly weapon, whether or not substantial bodily harm results and whether or not the battery is committed by strangulation, for a category B felony by imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 6 years.

(g) If the battery is committed by a probationer, a prisoner who is in lawful custody or confinement or a parolee, with the use of a deadly weapon, and:

(1) No substantial bodily harm to the victim results, for a category B felony by imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of not more than 10 years.

(2) Substantial bodily harm to the victim results or the battery is committed by strangulation, for a category B felony by imprisonment in the state prison for a minimum term of not less than 2 years and a maximum term of not more than 15 years.