133 Nev., Advance Opinion 98

IN THE SUPREME COURT OF THE STATE OF NEVADA

TROY LEE MULLNER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71030

**FILED**

DEC 07 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal under NRAP 4(c) from a judgment of conviction, pursuant to guilty plea, of burglary, two counts of robbery, coercion, two counts of burglary while in possession of a deadly weapon, two counts of robbery with use of a deadly weapon, attempted burglary, and possession of a firearm by ex-felon. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

*Affirmed.*

Jean J. Schwartzer, Las Vegas,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Jonathan VanBoskerck, Chief Deputy District Attorney, Clark County,
for Respondent.

_____

BEFORE DOUGLAS, GIBBONS and PICKERING, JJ.

*OPINION*

By the Court, PICKERING, J.:

Appellant Troy Lee Mullner appeals his convictions for burglary, robbery, coercion, burglary while in possession of a deadly

 

weapon, robbery with use of a deadly weapon, attempted burglary, and possession of a firearm by an ex-felon. We affirm.[1]

## Mullner's Sentence as an Habitual Criminal

Mullner argues that the district court should not have considered his prior conviction from 1984 in sentencing him as an habitual criminal because the conviction is stale and stems from an offense he committed as a minor. Mullner also asks this court to adopt a rule prohibiting a district court from considering juvenile offenses charged up to adult convictions in habitual criminal sentencing, a rule he contends is supported by *State v. Javier C.*, 128 Nev. 536, 289 P.3d 1194 (2012). We review a trial court's adjudication of a defendant as an habitual criminal under an abuse-of-discretion standard. *See Sessions v. State*, 106 Nev. 186, 190, 789 P.2d 1242, 1244 (1990).

## Mullner's Previous Convictions Were Not Stale

A district court may disregard prior convictions that are stale, trivial, or where habitual criminal adjudication "would not serve the purposes of the statute or the interests of justice." *Id.* at 190, 789 P.2d at 1244 (quoting *French v. State*, 98 Nev. 235, 237, 645 P.2d 440, 441 (1982)) (reversing habitual criminal conviction where a defendant's prior felony convictions were 23 to 30 years old and for non-violent crimes). Mullner's three prior convictions span a period of 30 years, and are all for violent crimes. Further, Mullner's oldest convictions were for burglary and robbery, the same offenses he most recently committed. Thus, unlike

---

[1]Mullner's conviction was previously affirmed by this court in an unpublished order. The State filed a motion to publish our order, which we grant. We issue this opinion in place of our prior unpublished order. NRAP 36(f).

*Sessions*, Mullner's prior convictions indicate he is a "career criminal[ ] who pose[s] a serious threat to public safety." *Id.* at 191, 789 P.2d at 1245. Accordingly, the district court did not abuse its discretion in rejecting Mullner's argument that his 1984 conviction was too stale to use for habitual criminal sentencing.

### *Mullner's Prior Conviction Resulting From an Offense Committed as a Minor Could Be Used for Habitual Criminal Sentencing*

The district court did not abuse its discretion in using Mullner's charged-up conviction for habitual criminal sentencing. When a juvenile is convicted and sentenced as an adult, that conviction can enhance a defendant's punishment as an habitual criminal, provided the court had general jurisdiction to sentence the juvenile as an adult. 24 C.J.S. *Criminal Procedure and Rights of Accused* § 2462 (2016); *see also United States v. Graham*, 622 F.3d 445, 455-61 (6th Cir. 2010) (juvenile conduct for which the accused was charged and sentenced as an adult used as a prior felony for third strike); *Womack v. State*, Docket No. 61127 (Order of Affirmance, February 13, 2013) (prior felony conviction committed as a juvenile used for habitual criminal sentencing).

Mullner's argument that our decision in *State v. Javier C.* supports a rule prohibiting the use of such convictions in habitual criminal sentencing is unpersuasive. In *Javier C.*, the court held that the criminal statute for battery committed by a prisoner, NRS 200.481(2)(f), did not apply to an adjudicated juvenile delinquent because he was not a "prisoner" under the definition of NRS 193.022, which requires custody in the criminal context, and neither juvenile justice proceedings nor a delinquent adjudication are criminal in nature. 128 Nev. at 539-41, 289 P.3d at 1196-97. Here, the habitual criminal statute applies to a defendant previously convicted of "[a]ny felony," without regard for whether the conviction could

Supreme Court
OF
Nevada

(O) 1947A

3

have been (but was not) pursued as a juvenile offense. NRS 207.010(1)(b). A statute's plain meaning controls its interpretation, *see Bergna v. State,* 120 Nev. 869, 873, 102 P.3d 549, 551 (2004), and we find no ambiguity in the habitual criminal statute that would support reading it as Mullner asks us to do. Accordingly, we decline to adopt a ruling prohibiting a district court from considering felony convictions originating from juvenile offenses in habitual criminal sentencing.

### *Mullner's Sentence Does Not Violate the Eighth Amendment*

Mullner argues that his sentence is disproportionate because he did not cause any physical harm and stole only a few thousand dollars. The district court has "wide discretion" in its sentencing decisions. *Allred v. State,* 120 Nev. 410, 420, 92 P.3d 1246, 1253 (2004).

Mullner's sentence does not violate the Eighth Amendment. Mullner's three prior felonies entitled the court to sentence him as a large habitual criminal to: (1) life without the possibility of parole, (2) life with the possibility of parole after a minimum of 10 years, or (3) a definite term of 25 years, with eligibility for parole after a minimum of 10. NRS 207.010(1)(b). Mullner's sentence of 31 years to life fits within the statutory scheme and is not disproportionate because it is based on ten separate counts for violent crimes, including burglary and robbery with the use of a deadly weapon. *Allred,* 120 Nev. at 420, 92 P.3d at 1253 ("A sentence within the statutory limits is not 'cruel and unusual punishment unless . . . the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'") (quoting *Blume v. State,* 112 Nev. 472, 475, 915 P.2d 282, 284 (1996)).

### *Cumulative Error*

Individually harmless errors may be cumulatively harmful and warrant reversal. *Valdez v. State,* 124 Nev. 1172, 1195, 196 P.3d 465, 481

SUPREME COURT
OF
NEVADA

(O) 1947A

(2008). This court considers "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged." *Id.* (quoting *Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000)). Because Mullner failed to establish any error on this appeal, there is none to cumulate.

AFFIRMED.

_____, J.
Pickering

We concur:

_____, J.
Douglas

_____, J.
Gibbons

SUPREME COURT
OF
NEVADA

(O) 1947A