136 Nev., Advance Opinion 61

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ALFRED C. HARVEY,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 72829 |
| ALFRED C. HARVEY,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 75911 |

FILED

OCT 01 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Consolidated appeals from a judgment of conviction, pursuant to a jury verdict, of robbery and from a district court order denying postconviction motions for a new trial and to reconstruct the record. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

*Affirmed in part, reversed in part, and remanded with instructions.*

Darin F. Imlay, Public Defender, and Sharon G. Dickinson, Chief Deputy Public Defender, Clark County,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Alexander G. Chen, Chief Deputy District Attorney, and Jonathan VanBoskerck, Deputy District Attorney, Clark County,
for Respondent.

20-35949

BEFORE THE COURT EN BANC.

## *OPINION*

By the Court, CADISH, J.:

This case presents an issue of first impression before this court—whether NRS 175.101 precludes a judge other than the trial judge from deciding post-trial motions when there is no evidence that the trial judge is absent, deceased, sick, or disabled. After a jury found appellant Alfred Harvey guilty of robbery, Harvey discovered a jury note that the trial judge, Senior Judge James Bixler, did not discuss in the presence of counsel. Harvey moved for a new trial and to reconstruct the record, requesting that Judge Bixler preside over the motions. Instead, Judge Douglas Smith heard the motions and denied them, finding that Judge Bixler did not remember the jury question or whether he presented the jury question to counsel.

We hold that Judge Smith improperly denied Harvey's request to have Judge Bixler decide the merits of his motions. Nevada caselaw and NRS 175.101 clearly provide that the trial judge must preside over post-trial motions unless the trial judge is absent, deceased, sick, or disabled. There is no evidence in the record that any of those reasons prevented Judge Bixler from deciding the motions. Furthermore, we decline to interpret the term "disability" under NRS 175.101 to include a trial judge's inability to remember a particular event that occurred during the at-issue proceeding. We therefore reverse Judge Smith's order denying Harvey's post-trial motions and remand for Judge Bixler to hear and decide the motions.

### *FACTS AND PROCEDURAL HISTORY*

The State charged Harvey by information with robbery with the use of a deadly weapon. After presiding over preliminary matters, the

 

district court assigned Harvey's trial to overflow, and the Honorable Senior Judge Bixler presided over it. During deliberations, the jury sent a note to Judge Bixler requesting elaboration on the element of force or violence or fear of injury necessary for a robbery conviction. Judge Bixler sent a note back that stated, "The Court is not at liberty to supplement the evidence." Judge Bixler did not inform the parties about the note. Ultimately, the jury found Harvey guilty of robbery but declined to convict him on the deadly weapon enhancement.

While preparing for the appellate process, Harvey's counsel discovered the jury note. Harvey moved for a new trial and to reconstruct the record. Both motions requested that Judge Bixler decide the motions. Instead, Judge Smith presided over the motions and declined Harvey's request to have Judge Bixler decide the motions. Judge Smith stated that he "talked to Judge Bixler about [the motions] and [Judge] Bixler doesn't remember."[1] Ultimately, Judge Smith denied both of Harvey's motions.

Harvey appealed his conviction and the postconviction orders and presented numerous legal arguments to the court of appeals. *See Harvey v. State*, Docket Nos. 72829-COA & 75911-COA (Order of Affirmance, Sept. 18, 2019). The court of appeals rejected Harvey's arguments and affirmed his conviction and the denial of his postconviction motions. *Id.* at *22. Harvey subsequently filed a petition for review,

---

[1]Judge Smith's decision to personally contact the trial judge and ask him about the jury note was improper, and we discourage judges from engaging in this behavior. *See* NCJC Canon 2.9(A)(3) (precluding judges from "receiving factual information that is not part of the record" from other judges); NCJC Canon 2.9(C) (precluding judges from independently investigating facts and mandating that judges consider only evidence presented by the parties).

arguing that NRS 175.101 requires the trial judge to decide post-trial motions.[2] We granted Harvey's petition and limited our review to the issues addressed in this opinion. *See* NRAP 40B(g) (providing this court "may limit the question(s) on review").

## DISCUSSION

We review questions of statutory construction de novo. *Jackson v. State*, 128 Nev. 598, 603, 291 P.3d 1274, 1277 (2012). Our inquiry starts with the statute's text. *State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011). We will not go beyond the plain language of a statute when, as here, the meaning is clear on its face. *Id.*

NRS 175.101 states as follows, in relevant part:

> If by reason of absence from the judicial district, death, sickness or other disability the judge before whom the defendant has been tried is unable to perform the duties to be performed by the court after a verdict or finding of guilty or guilty but

---

[2]Harvey also argued that a material variance between the State's charging documents and the State's proffered evidence rendered his conviction unconstitutional. A material variance "exists only where the variance between the charge and proof was such as to affect the substantial rights of the accused." *State v. Jones*, 96 Nev. 71, 73-74, 605 P.2d 202, 204 (1980) (citing *Berger v. United States*, 295 U.S. 78, 82 (1935)). A charging document affects a defendant's substantial rights when it does not adequately inform the defendant of the charges such that the defendant cannot prepare for trial or the State's proffered evidence surprises the defendant. *Id.* at 74, 605 P.2d at 204. Here, the information properly identifies Harvey, the crime alleged, the victim, and the date of the alleged robbery. During oral argument, Harvey's counsel admitted that the State's proffered evidence did not surprise him. Accordingly, any variance between the information and the State's proffered evidence did not affect Harvey's substantial rights. *See* NRS 178.598 ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.").

mentally ill, any other judge regularly sitting in or
assigned to the court may perform those duties . . . .

Judge Bixler was not absent from the judicial district or sick when Harvey filed his post-trial motions and Judge Smith heard and decided them. However, the parties dispute whether Judge Bixler's inability to remember the jury note qualifies as a disability under the statute.

The State argues that Judge Bixler's inability to remember the juror note qualifies as a disability under NRS 175.101, thereby allowing Judge Smith to preside over Harvey's post-trial motions. The State cites no authority in support of such a construction. Relying on the canon of statutory construction *noscitur a sociis, see Ford v. State*, 127 Nev. 608, 622 n.8, 262 P.3d 1123, 1132 n.8 (2011) (noting that "words are known by—acquire meaning from—the company they keep" (citation omitted)), Harvey argues that the term "disability" under NRS 175.101 must be a physical disability that impairs the ability of the trial judge to perform his or her judicial duties. We decline to adopt either interpretation for the reasons set forth below.

The plain language of NRS 175.101 states that a trial judge's "sickness or other disability" must render him or her "*unable* to perform the duties to be performed by the court . . . ." (Emphasis added.) A "disability" is "[t]he inability to perform some function" or "[a]n objectively measurable condition of impairment, physical or mental, [especially] one that prevents a person from engaging in meaningful work." *Disability, Black's Law Dictionary* (11th ed. 2019). Both NRS 175.101 and a legal dictionary definition of "disability" turn upon whether the individual can perform some function or duty. Therefore, we reject the State's interpretation because Judge Bixler's inability to remember a particular event that occurred over

the course of a trial did not impair his ability to perform his duties by considering and deciding Harvey's motions.[3]

Similarly, we reject Harvey's interpretation of "disability" because it places a limitation in the statute that goes beyond the plain meaning of the statute's language. Had the Legislature meant to include such a limitation, it would have done so expressly. Limiting the meaning of "disability" under NRS 175.101 to just physical disabilities, thereby excluding mental disabilities or other impairments that could render a trial judge unable to perform his or her duties, would require us to revise the statute, which is not the judiciary's role.

Alternatively, the State argues that NRS 175.101 did not preclude Judge Smith from hearing Harvey's post-trial motions. The State further contends that the term "[i]f" that begins NRS 175.101 should be read "inclusively"—meaning that NRS 175.101 merely provides a mechanism for substituting judges when one of the statutorily defined conditions is present but does not preclude substitution in other circumstances. *Harvey*, Docket Nos. 72829 & 75911 at *20. Therefore, the State urges this court to conclude that NRS 175.101 did not require the trial judge to preside over post-trial motions. *Id.* We decline the State's invitation to adopt such an interpretation.

We follow "the maxim 'expressio unius est exclusio alterius,' the expression of one thing is the exclusion of another." *State v. Javier C.*, 128 Nev. 536, 541, 289 P.3d 1194, 1197 (2012) (citation omitted). Additionally, we construe the words in a statute as a whole, such that no words or phrases become superfluous or nugatory. *Mangarella v. State*, 117 Nev. 130, 133,

---

[3]Indeed, reviewing the briefing and the court file may very well refresh Judge Bixler's recollection of the pertinent events.

17 P.3d 989, 991 (2001). The term "[i]f" at the beginning of NRS 175.101 makes the statute's first clause conditional. By its terms, the statute precludes a judge other than the trial judge from hearing post-trial motions unless one of the statutorily defined conditions is present. To read the statute otherwise renders the conditional clause at the beginning of NRS 175.101 nugatory.

Finally, the State argues that Nevada caselaw precludes the application of NRS 175.101 to the post-trial motions and cites *Halverson v. Hardcastle*, 123 Nev. 245, 261, 163 P.3d 428, 440 (2007). The State's reliance on *Halverson* is misplaced. We decided *Halverson* in the context of a *quo warranto* petition challenging a chief district judge's authority over another district judge's action, observing that the judiciary has broad inherent authority to administer its own affairs. *Id.* However, in the context of a trial judge's duty to hear and decide a case assigned to him or her, we have held that "[a] trial judge has a duty to preside to the conclusion of all proceedings, in the absence of some statute, rule of court, ethical standard, or other compelling reason to the contrary." *Ham v. Eighth Judicial Dist. Court*, 93 Nev. 409, 415, 566 P.2d 420, 424 (1977). NRS 175.101 codifies this rule by requiring a trial judge to preside over post-trial motions unless one of the disqualifying statutory conditions is present.[4]

---

[4]The State's reliance on *Dieudonne v. State*, 127 Nev. 1, 245 P.3d 1202 (2011), is similarly unavailing. In *Dieudonne*, we held that a defendant had no due-process right to demand that the judge who accepted the defendant's guilty plea also sentence him or her. *Id.* at 7, 245 P.3d at 1206. By its own terms, NRS 175.101 only applies when a judge *tries* a case. NRS 175.101 does not apply where a defendant waives his or her right to a trial and enters into a guilty plea agreement. Therefore, our holding in *Dieudonne* is inapplicable here.

Accordingly, we hold that Nevada caselaw and NRS 175.101 require a trial judge to preside over post-trial motions unless one of the statutory conditions is present. None of the conditions listed in NRS 175.101 were present here. Therefore, Judge Smith erred when he declined Harvey's request for Judge Bixler to decide his motion for a new trial and his motion to reconstruct the record.[5]

## CONCLUSION

Nevada caselaw and NRS 175.101 clearly provide that the trial judge must preside over post-trial motions unless the trial judge is absent, deceased, sick, or disabled. The term "disability" under NRS 175.101 contemplates some type of impairment—physical, mental, or otherwise—that prevents the trial judge from performing his or her duties. Because there is no evidence in the record that Judge Bixler was disabled, we hold that Judge Smith erred when he declined Harvey's request for Judge Bixler to decide his post-trial motions. Accordingly, we reverse Judge Smith's order denying Harvey's motions and remand for Judge Bixler to consider and decide both post-trial motions.[6] Additionally, we conclude that

---

[5]Because we are remanding for the trial judge to consider and decide both motions, we decline to address the merits of Harvey's motion to reconstruct the record.

[6]Because the issue was passed upon below and will need to be addressed anew on remand, we take this opportunity to remind the district court that a trial judge has a duty to give further instructions to the jury when a jury question suggests a lack of understanding about a significant element of the applicable law. *Gonzalez v. State*, 131 Nev. 991, 996, 366 P.3d 680, 683-84 (2015). When this occurs, the defendant "has the right to have his or her attorney present to provide input in crafting the court's response to a jury's inquiry." *Manning v. State*, 131 Nev. 206, 211, 348 P.3d 1015, 1019 (2015). A trial judge's failure to notify the parties about a juror

Harvey's material variance argument is without merit and we decline to overturn his conviction on those grounds.

_____, J.
Cadish

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

_____

note is a constitutional error and is subject to reversal unless the error was harmless beyond a reasonable doubt. *Id*. at 212, 348 P.3d at 1019.

SUPREME COURT
OF
NEVADA

(O) 1947A