CHARLES DENTON CLARK, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 22452

April 27, 1993

851 P.2d 426

*Claassen and Olson,* Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Kevin Pasquale,* District Attorney, *Robert V. Bogan,* Deputy District Attorney, Churchill County, for Respondent.

## OPINION

By the Court, Springer, J.:

This is an appeal from an order of the district court denying a petition for post-conviction relief.

On February 24, 1989, the district court, pursuant to a jury verdict, convicted appellant of one count of failure to appear, in violation of NRS 199.335. The crime is punishable by not less than one nor more than six years imprisonment. The Department

of Parole and Probation's presentence report recommended a sentence of four years.

At the sentencing hearing, the State presented evidence of three prior felony convictions: a burglary conviction in 1986 and two convictions dated May 21, 1981, for forgery and possession of a stolen motor vehicle.

During the sentencing hearing the prosecutor requested that the habitual criminal enhancement be imposed on Clark and that he be sentenced to life imprisonment. The trial court followed the prosecutor's request.

On appeal to this court, appellant's counsel did not challenge the finding of habitual criminal status or the appropriateness of appellant's life sentence. This court dismissed appellant's direct appeal. Clark v. State, Docket No. 20058 (Order Dismissing Appeal, April 23, 1990).

On October 23, 1990, appellant filed in the district court a petition for post-conviction relief. The State opposed the petition. The district court appointed counsel to represent appellant and conducted an evidentiary hearing on appellant's petition. On July 16, 1991, the district court denied the petition. This appeal followed.

Appellant contends that his appellate counsel was ineffective for failing to raise on direct appeal the issue of whether the district court abused its discretion in adjudicating appellant a habitual criminal.[1] We agree and return this case to the trial court for further proceedings because of doubts and ambiguities relating to the manner in which the trial court adjudicated Clark to be a habitual criminal.

First, we note the absence of an actual adjudication of habitual criminal status. The trial court merely "*found* the *allegations* of COUNT II, BEING A HABITUAL CRIMINAL, as defined in NRS 207.010(2) to be true." (Emphasis added.) A court's *finding* to be true *allegations* that a person has committed the requisite number of crimes is not the same as an adjudication of habitual criminal status. As we read the record, it appears that the trial court merely "found" that Clark had committed the charged past felonies, but the trial court did not make the actual judgment that Clark deserved to be declared a habitual criminal.

We are further troubled because it appears that the trial court might have been under the impression that the only requirement

---

[1] We note that appellant's present counsel did not represent appellant in his direct appeal from his judgment of conviction.

for habitual criminal status is that the requisite felony convictions be properly authenticated and established. In other words, it does not appear that the trial court made an actual judgment on the question of whether it was just and proper for Clark to be punished and segregated as a habitual criminal. Reading this record leads one to think that the trial judge may have acted under the belief that once the requisite felonies were proved, the judge's authority was limited to deciding only whether Clark should be sentenced to life imprisonment with or without the possibility of parole.

The decision to adjudicate a person as a habitual criminal is not an automatic one. Having committed three felonies does not, of itself, a habitual criminal make. "[A]n [sic] habitual criminal proceeding is conducted only to determine whether an enhancement of punishment is warranted for a defendant's status as a recidivist." Parkerson v. State, 100 Nev. 222, 224, 678 P.2d 1155, 1156 (1984). One facing adjudication as a habitual criminal and the consequent life imprisonment is not entitled to a trial by jury. Howard v. State, 83 Nev. 53, 422 P.2d 548 (1967). Such a person is at the mercy of the court and is thus subject to the broadest kind of judicial discretion. NRS 207.010(4)[2]; French v. State, 98 Nev. 235, 645 P.2d 440 (1982). Moreover, it may be an abuse of discretion for the court to enter a habitual criminal adjudication when the convictions used to support the adjudication are nonviolent and remote in time. Sessions v. State, 106 Nev. 186, 789 P.2d 1242 (1990).

The trial court *found* "beyond a reasonable doubt that the prior convictions submitted by the District Attorney's Office in this particular matter are legal convictions and are appropriate, and the consideration of the enhancement pursuant to [NRS] 207.010"; but this does not clearly disclose that the court weighed the appropriate factors for and against the habitual criminal enhancement and then, in the exercise of discretion, decided to adjudicate Clark as a habitual criminal. On the contrary, there is reason to believe that the trial court thought that three convictions automatically equated to habitual criminal status. As put by the trial court:

> NRS 207.010, the operative part of the statute, "Every person convicted in this state of any crime, of any felony, who has previously been three times convicted . . ." The way I read it, it says, ". . . *shall* be punished by imprison-

---

[2]NRS 207.010(4) provides in pertinent part: "[T]he trial judge may, at his discretion, dismiss a count under this section which is included in any indictment or information."

ment in the state prison for life with or without the possibility of parole."

(Emphasis added.)

It appears likely, or at least strongly possible, that the trial court thought that once three convictions were established, Clark "*shall* be punished," and that the only discretion allowable was between life with the possibility of parole or life without the possibility of parole.[3] As noted above, however, it was incumbent upon the trial court to weigh properly whether the habitual criminality count should have been dismissed pursuant to the discretion conferred by NRS 207.010(4). Based upon what looks very much like a misunderstanding on the part of the trial judge, we have decided to send this case back for resentencing.

Counsel, on direct appeal, failed to raise the principal, if not the only, issue in this appeal: whether the discretionary process of adjudicating habitual status was properly carried out by the trial court. The State urges that counsel's failure to raise this vital and indispensable issue was "a tactical decision, not the result of ignorance." Counsel's utter failure to raise an evidently meritorious issue is difficult to portray as a strategic choice. It is more reasonable to conclude that it was "an ignorant decision, not the result of tactics." If the trial court had carefully exercised its discretion, it may well have refused to adjudicate Clark to be a habitual criminal because Clark had been convicted of two relatively minor property crimes nine years previously. *See Sessions,* 106 Nev. 186, 789 P.2d 1242.

Clark's being characterized and adjudicated by the trial court as a recidivist is a matter involving pure discretion. It is not clear whether this discretion was actually exercised; and, if it was exercised, the question of abuse of discretion should have been reviewed by this court. That this crucial matter was not called to the attention of this court on appeal is unthinkable.

We reverse the order of the district court denying appellant's petition for post-conviction relief. We remand this case with instructions to the district court to conduct a new sentencing hearing, there to decide whether Clark's criminal record warrants Clark's adjudication as a habitual criminal.[4]

ROSE, C. J., STEFFEN and YOUNG, JJ., concur.

---

[3]If the district judge believed that NRS 207.010 required that Clark be punished by life imprisonment for committing three felonies, it is apparent that the judge would have deemed it necessary to reject the recommendation of the Department of Parole and Probation that Clark received only a four-year sentence.

[4]THE HONORABLE MIRIAM SHEARING. Justice, did not participate in the decision of this matter.