John WALKER, Petitioner–Appellant,

v.

George DEEDS, Respondent–Appellee.

No. 93–16494.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 1994.

Decided March 8, 1995.

John C. Lambrose, Deputy Federal Public Defender, Las Vegas, NV, for petitioner-appellant.

Karl W. Armstrong, Deputy Atty. Gen., Las Vegas, NV, for respondent-appellee.

Before: NORRIS, THOMPSON, and TROTT, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

In 1988, John Walker shoplifted $93.41 worth of cologne and cigarettes from a Nevada supermarket. Under Nevada law at that time, the minimum value of property necessary for grand larceny was $100.00. Walker was charged with felony grand larceny for stealing the $93.41 worth of goods and for aiding and abetting a co-defendant who shoplifted $31.77 worth of goods. He was convicted of felony grand larceny.[1]

Walker had three prior felony convictions for minor property crimes. Though the maximum sentence for petty larceny (which Walker exceeded by $25.18) was six months imprisonment, the trial judge sentenced Walker under Nevada's habitual criminal statute to life imprisonment, with the possibility of parole after ten years. A federal district court rejected Walker's subsequent habeas petition under 28 U.S.C. § 2254. On appeal, we reversed and remanded on two of Walker's claims challenging the constitutionality of his life sentence under the habitual criminal statute. *Walker v. Deeds*, 976 F.2d 739 (9th Cir.1992). On remand, the district court held an evidentiary hearing on the two claims and again rejected them. Walker again appeals. We have jurisdiction pursu-

ant to 28 U.S.C. § 2253, and we affirm in part and vacate and remand in part.

First, Walker argues that, in calculating his sentence under Nevada's habitual offender statute, the state court improperly relied on a 1977 conviction for attempted burglary which was based on a constitutionally infirm guilty plea. Because a constitutionally invalid conviction cannot be used to enhance a sentence under a habitual offender statute, *United States v. Tucker*, 404 U.S. 443, 448–49, 92 S.Ct. 589, 592–93, 30 L.Ed.2d 592 (1972), Walker argues that his due process rights were violated.

Walker argues that he did not intelligently and voluntarily waive his rights before pleading guilty to attempted burglary in 1977. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969); *United States v. Pricepaul*, 540 F.2d 417, 423–24 (9th Cir.1976). At an evidentiary hearing, Walker testified that he did not understand what he was pleading to in 1977, but that his defense counsel at the time told him just to say "yes" to whatever the judge asked. ER at 113–18. After the benefit of this testimony and after reviewing the full record, the district court concluded that "the State judge thoroughly canvassed Petitioner Walker to ensure that his plea was voluntary and that Walker understood each of the important constitutional rights which he was waiving by entering his plea of guilty." ER at 7. We agree.

The extensive colloquy between Walker, the state judge, and the defense attorney at sentencing shows that Walker understood he had the right to confront adverse witnesses and remain silent, and had the right to a speedy and public trial, compulsory process, and an attorney.[2] Walker

1. Shortly after Walker's trial, the Nevada legislature increased the minimum value of property necessary for grand larceny to $250.00.

2. The following interchange between Walker, the judge, and the defense attorney took place:

*The Court* Do you understand the nature of the charge contained in the Amended Information filed in open court today where you are charged with attempted burglary, a felony?
*The Defendant* Yes.
. . . .

*The Court* Is your plea of guilty freely and voluntarily made?
*The Defendant* Yes.
*The Court* Is it made without threat or fear to yourself?
*The Defendant* Yes.
*The Court* Is it made without threat or fear to anyone closely related to or associated with you?
*The Defendant* Yes.
*The Court* Mr. Franzen [defense counsel], did you advise the Defendant of the elements of the

also acknowledged that he understood the nature of the crime and that he made his plea without fear or threat to himself or others. The record of the 1977 proceeding, thus, establishes that Walker's plea was intelligently and voluntarily made.

Second, Walker argues that the procedure by which he was sentenced under Nevada's habitual offender statute violated due process.[3] Walker claims that the state judge disregarded his obligation to make a finding that it was "just and proper" for him to be adjudged a habitual criminal, as required by Nevada law. He contends that Nevada law creates a liberty interest in sentencing procedures protected by the Due Process Clause of the Fourteenth Amendment. In support of this argument, he relies on *Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1980), and *Campbell v. Blodgett,* 997 F.2d 512, 522 (9th Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 1337, 127 L.Ed.2d 685 (1994), and he argues that the state court's failure to abide by its procedures violated his due process rights. We agree and reverse on this claim.

At sentencing in this case, the state court found that Walker had been convicted of three prior felonies and concluded that Walker "should be adjudicated a habitual criminal by reason of three prior convictions." ER at 60. In reviewing this procedure, the district court concluded that "[t]he application of Nevada's habitual offender statute, N.R.S. § 207.010, was properly applied in Walker's case." ER at 8. We disagree. In Nevada, "[t]he decision to adjudicate a person as a habitual criminal is not an automatic one." *Clark v. State,* 109 Nev. 426, 851 P.2d 426, 427 (1993). In particular, "[h]aving committed three felonies does not, of itself, a habitual criminal make." 851 P.2d at 427. The Nevada Supreme Court has emphasized that the simple finding of three prior felonies "is not the same as an adjudication of habitual criminal status" and is inadequate because it "does not clearly disclose that the court weighed the appropriate

crime with which he is charged in the Amended Information; the burden of proof required by the State in the prosecution of this matter, and the defenses, if any, that may be available to him?

*Mr. Franzen* Yes, your Honor, I have.

*The Court* You heard these questions, Mr. Walker. Did you have such a discussion with Mr. Franzen?

*The Defendant* Yes.

*The Court* Did you understand what he was saying to you?

*The Defendant* Yes.

*The Court* Did he clear up any questions which you had?

*The Defendant* Yes.

*The Court* Did he also advise you of the possible penalty?

*The Defendant* Yes.

*The Court* What did he advise you?

*The Defendant* One to five.

*The Court* Do you understand that by virtue of your plea of guilty to the Amended Information that the Court could sentence you up to five years confinement in the Nevada State Prison?

*The Defendant* Yes.

*The Court* Do you also understand that you have a right to a speedy and public trial by an impartial jury free of prejudicial publicity?

*The Defendant* Yes.

*The Court* Do you understand that you have the right to be confronted by the witnesses against you and to have an opportunity to cross examine them?

*The Defendant* Yes.

*The Court* Do you understand that you have a right to have compulsory process for obtaining witnesses in your favor?

*The Defendant* Yes.

*The Court* Do you understand that you may refuse to testify or make any statement in your own behalf and the prosecution may not comment on your failure to testify at the trial?

*The Defendant* Yes.

*The Court* Do you understand that you have the right to the assistance of counsel at all stages of these proceedings?

*The Defendant* Yes.

. . . .

*The Court* Do you admit at this time that you attempted to enter a certain building at 705 Lola Avenue with the thought of committing larceny or stealing something from that building?

*The Defendant* Yes.

*The Court* And this was on the 20th of February, 1977?

*The Defendant* Yes.

ER at 48–51.

3. Walker also argues that the sentence in this case (life imprisonment with the possibility of parole after ten years) is "grossly disproportionate" to the crime committed (stealing about $100 worth of cologne and cigarettes), in violation of the Eighth Amendment. *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 2705, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring). Because we decide Walker's case on a different ground, we decline to reach this issue.

factors for and against the habitual criminal enhancement." *Id.* The sentencing judge, therefore, is required to make "an actual judgment on the question of whether it [i]s *just and proper* for [the defendant] to be punished and segregated as a habitual criminal." *Id.* (emphasis added).

The trial court in this case did not "clearly disclose" that it "weighed the appropriate factors for and against the criminal enhancement." *Id.* The court did not decide that it was "just and proper," based on the nature and gravity of his prior convictions, to adjudge Walker a habitual offender under the relevant statute. Moreover, if the trial court had weighed Walker's prior convictions, under Nevada law, a prior conviction record for nonviolent property crimes, "though reprehensible, simply does not warrant the harsh sanction available under the habitual criminality statute." *Sessions v. State,* 106 Nev. 186, 789 P.2d 1242, 1245 (1990) (per curiam). The Nevada Supreme Court has determined that it may be an abuse of discretion to adjudge a defendant a habitual criminal if his prior felonies are minor property crimes and remote in time, as such a ruling "serves neither the purposes of the statute nor the interests of justice." *Id.* (citations omitted). *See also Clark,* 851 P.2d at 428.

In *Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1980), the Supreme Court held that state laws guaranteeing a defendant procedural rights at sentencing may create liberty interests protected against arbitrary deprivation by the due process clause of the Fourteenth Amendment. Therefore, when a state has provided a specific method for determining whether a certain sentence shall be imposed, " 'it is not correct to say that the defendant's interest' in having that method adhered to 'is merely a matter of state procedural law.' " *Fetterly v. Paskett,* 997 F.2d 1295, 1300 (9th Cir.1993) (citing *Hicks v. Oklahoma*), *cert. denied,* —— U.S. ——, 115 S.Ct. 290, 130 L.Ed.2d 205 (1994). Based on *Hicks,* this court found that state law requiring that the Washington Supreme Court "review and make particular findings before affirming [a] death sentence" created a constitutionally protected liberty interest. *Campbell v. Blodgett,* 997 F.2d 512, 522 (9th Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 1337, 127 L.Ed.2d 685 (1994). Nevada's law requiring a court to review and make particularized findings that it is "just and proper" for a defendant to be adjudged a habitual offender also creates a constitutionally protected liberty interest in a sentencing procedure. Because the state court did not make the requisite individualized determination that it was "just and proper" that Walker be adjudged a habitual offender as mandated by Nevada law, Walker's due process rights were violated.

Walker's habeas appeal is hereby GRANTED. Walker's sentence shall be reduced to no more than the maximum amount for grand larceny at the time of conviction, unless, within three months of this order, he is resentenced by the state court as a habitual offender in a manner not inconsistent with this opinion. This case is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this opinion.