OPINION
 

 Per Curiam:
 

 Appellant Michael Ray Hughes challenges his adjudication and sentence as a habitual criminal pursuant to NRS 207.010(l)(b).
 
 *329
 
 The primary issue before this court is whether the district court violated Hughes’ due process rights under the Fourteenth Amendment of the United States Constitution by failing to make a specific finding that it was “just and proper” to adjudicate Hughes a habitual criminal. We conclude that the record indicates that the district court exercised its discretion and did not automatically adjudicate Hughes a habitual criminal based solely on the existence of four prior felony convictions.
 
 [1]
 

 FACTS
 

 The State charged Hughes in three separate cases with three counts of robbery with the use of a deadly weapon and one count of second degree kidnapping of a person 65 years of age or older. Each case arose from a different incident. In each case, the State also alleged that Hughes was a habitual criminal pursuant to NRS 207.010(l)(b) because he had at least two prior convictions for violent felonies. Hughes agreed to plead guilty in all three cases. The State retained its right to argue at sentencing and to seek habitual criminal enhancement in each case.
 

 The district court conducted a single sentencing hearing on May 18, 1998. Hughes’ counsel argued extensively against habitual criminal adjudication and in favor of a sentence of a term of years. Counsel addressed Hughes’ criminal history, noting that it started after Hughes was discharged from the military and arguing that Hughes only committed criminal offenses to support his drug and/or alcohol dependency. Counsel argued that Hughes had conducted himself in accord with prison rules during prior periods of incarceration and that Hughes desired to end his chemical dependency. Counsel concluded that given that Hughes was thirty-seven years of age and had not physically harmed his victims, sentencing him to definite terms of years would be a sufficient deterrent to both Hughes and others while giving Hughes a “glimmer of hope” of being released from prison.
 

 The State offered four certified judgments of conviction, which were entered into evidence.
 
 [2]
 
 The prosecutor argued that Hughes’ criminal history demonstrated that Hughes would continue to commit crimes unless he was incarcerated. The prosecutor further
 
 *330
 
 argued that although Hughes had not done physical harm to his victims, his conduct was escalating in seriousness as evidenced by his use of a firearm in two of the instant offenses and his conduct in leading the victim in the third offense to believe that he had a gun and would harm her. The prosecutor concluded that Hughes’ prior criminal history and the circumstances surrounding the instant offenses warranted adjudication as a habitual criminal.
 

 In addition to the arguments of counsel for Hughes and the State, the court considered a statement by Hughes. At the conclusion of the sentencing hearing, the court stated:
 

 The Court has read and considered the presentence report in each of these cases, the correspondence which was submitted to the Court for review, including the victim impact statement and the correspondence delivered from Mr. Hughes’s counsel and read by the defendant in court this morning.
 

 The Court finds that, based upon Exhibit 1, 2, 3, and 4 in evidence and the circumstances related to this hearing, the defendant is a habitual criminal.
 

 Pursuant to NRS 207.010(l)(b),
 
 [3]
 
 the court sentenced Hughes to serve three consecutive terms of life in prison without the possibility of parole for the robbery with use of a deadly weapon convictions. The court also sentenced Hughes to a concurrent total term of twelve (12) to thirty (30) years for second degree kidnapping of an elderly person.
 
 [4]
 
 Hughes filed timely notices of appeal from each of the judgments of conviction.
 
 [5]
 

 DISCUSSION
 

 Hughes contends that the district court failed to exercise its discretion in adjudicating him as a habitual criminal. Specifically, Hughes asserts that the district court based its decision solely upon the existence of the prior felony convictions without making specific findings that it was just and proper to adjudicate him as
 
 *331
 
 a habitual criminal. Relying on Walker v. Deeds, 50 F.2d 670 (9th Cir. 1995), Hughes argues that the district court’s failure to make an individualized determination that it was just and proper that Hughes be adjudged a habitual offender violated Hughes’ due process rights.
 
 See
 
 U.S. Const. amend. XIV.
 

 The Ninth Circuit’s decision in
 
 Walker
 
 is based upon this court’s decision in Clark v. State, 109 Nev. 426, 851 P.2d 426 (1993). In
 
 Clark,
 
 this court addressed concerns that the district court had mistakenly believed that once the requisite felonies were proved, the court’s authority was limited to deciding only whether the defendant should be sentenced to life imprisonment with or without the possibility of parole.
 
 [6]
 
 109 Nev. at 427-28, 851 P.2d at 427.
 
 Clark
 
 explained that the decision to adjudicate an individual as a habitual criminal is not an automatic one because the district court has broad discretion to dismiss a habitual criminal allegation.
 
 Id.
 
 at 428, 851 P.2d at 427 (citing NRS 207.010(4) (currently codified at NRS 207.010(2)). As this court had previously explained, the district court may dismiss a habitual criminal allegation when the prior convictions are stale or trivial or in other circumstances where a habitual criminal adjudication would not serve the purpose of the statute or the interests of justice.
 
 See
 
 French v. State, 98 Nev. 235, 237, 645 P.2d 440, 441 (1982).
 

 Clark
 
 further concluded that it was not clear from the record whether the trial court had actually exercised its discretion.
 
 Id.
 
 at 428-29, 851 P.2d at 427-28. The record indicated that, in imposing the habitual criminal enhancement, the trial court stated that it had “found ‘beyond a reasonable doubt that the prior convictions submitted by the District Attorney’s Office in this particular matter are legal convictions and are appropriate . . . [for] enhancement pursuant to [NRS] 207.010.’ ”
 
 Id.
 
 at 428, 851 P.2d at 427.
 
 Clark
 
 explained that this comment did not “clearly disclose that the court weighed the appropriate factors for and against the habitual criminal enhancement and then, in the exercise of discretion, decided to adjudicate Clark as a habitual criminal.”
 
 Id.
 

 The record also revealed the following comment by the trial court:
 

 “NRS 207.010, the operative part of the statute, ‘Every person convicted in this state of any crime, of any felony, who
 
 *332
 
 has previously been three times convicted . . .’ The way I read it, it says, ‘. . . shall be punished by imprisonment in the state prison for life with or without the possibility of parole.’ ”
 

 Clark,
 
 109 Nev. at 428-29, 851 P.2d at 427-28.
 

 Based on these indications from the record this court concluded:
 

 It appears likely, or at least strongly possible, that the trial court thought that once three convictions were established, Clark
 
 “shall
 
 be punished,” and that the only discretion allowable was between life with the possibility of parole or life without the possibility of parole. As noted above, however, it was incumbent upon the trial court to weigh properly whether the habitual criminality count should have been dismissed pursuant to the discretion conferred by NRS 207.010(4). Based upon what looks very much like a misunderstanding on the part of the trial judge, we have decided to send this case back for resentencing.
 

 Id.
 
 at 429, 851 P.2d at 428 (footnote omitted).
 

 Two years later, the Ninth Circuit interpreted
 
 Clark
 
 to require the sentencing judge “to review and make particularized findings that it is ‘just and proper’ for a defendant to be adjudged a habitual offender.” Walker v. Deeds, 50 F.3d 670, 673 (9th Cir. 1995). The
 
 Walker
 
 court further concluded that Nevada law created “a constitutionally protected liberty interest” in such a sentencing procedure.
 
 Id.
 
 The court explained:
 

 The trial court in this case did not “clearly disclose” that it “weighed the appropriate factors for and against the criminal enhancement.” The court did not decide that it was “just and proper,” based on the nature and gravity of his prior convictions, to adjudge Walker a habitual offender under the relevant statute.
 

 Id.
 
 (quoting
 
 Clark,
 
 109 Nev. at 428, 851 P.2d at 427). The court then concluded that because the trial court did not make “the requisite individualized determination that it was ‘just and proper’ ” to adjudicate Walker as a habitual criminal “as mandated by Nevada law,” Walker’s due process rights had been violated.
 
 Id.
 

 As yet, this court has not addressed
 
 Walker
 
 in a published opinion. We take this opportunity to do so. Our primary concern in
 
 Clark
 
 was that the sentencing court may have misunderstood the law and, as a result, did not exercise its discretion in adjudicating Clark as a habitual criminal. The
 
 Walker
 
 court’s interpretation of
 
 *333
 

 Clark
 
 is correct to the extent that it states that Nevada law requires a sentencing court to exercise its discretion and weigh the appropriate factors for and against the habitual criminal statute before adjudicating a person as a habitual criminal. However, nothing in
 
 Clark
 
 stands for the proposition that in meeting this obligation the sentencing court must utter specific phrases or make ‘ ‘particularized findings” that it is “just and proper” to adjudicate a defendant as a habitual criminal. The sole issue pursuant to
 
 Clark
 
 is whether the sentencing court actually exercised its discretion. While it may be easier to answer this question if the sentencing court makes particularized findings and specifically addresses the nature and gravity of the prior convictions, this court has never required the district courts to utter “talismanic” phrases.
 
 See
 
 Bryant v. State, 102 Nev. 268, 721 P.2d 364 (1986). Instead, this court looks to the record as a whole to determine whether the sentencing court actually exercised its discretion. Thus, as long as the record as a whole indicates that the sentencing court was not operating under a misconception of the law regarding the discretionary nature of a habitual criminal adjudication and that the court exercised its discretion, the sentencing court has met its obligation under Nevada law.
 

 We turn now to the record in this case. After hearing extensive argument from counsel for Hughes and the State and comments from Hughes, the district court stated:
 

 The Court has read and considered the presentence report in each of these cases, the correspondence which was submitted to the Court for review, including the victim impact statement and the correspondence delivered from Mr. Hughes’s counsel and read by the defendant in court this morning.
 

 The Court finds that, based upon Exhibit 1, 2, 3, and 4 in evidence and the circumstances related to this hearing, the defendant is a habitual criminal.
 

 We conclude that the circumstances of the sentencing hearing and the district court’s comments indicate that the court understood that it had discretion in deciding whether to adjudicate Hughes as a habitual criminal and that the court exercised that discretion in adjudicating Hughes a habitual criminal. The fact that the court did not specifically address the nature and gravity of the prior or instant convictions is not determinative as the court clearly disclosed that it had considered all of the arguments and evidence in deciding to adjudicate Hughes as a habitual criminal. Unlike
 
 Clark,
 
 it does not appear strongly possible, or even likely, that the trial court in this case thought that the requisite number of prior
 
 *334
 
 convictions automatically equated to habitual criminal status. Accordingly, we conclude that the procedure utilized by the district court in adjudicating Hughes as a habitual criminal did not violate Hughes’ due process rights.
 

 CONCLUSION
 

 We conclude that the totality of the circumstances demonstrates that the district court understood that it had discretion in adjudicating Hughes as a habitual criminal and that it actually exercised that discretion. We therefore affirm the judgments of conviction and sentences.
 

 [1]
 

 Hughes also contends that the district court abused its discretion by adjudicating him as a habitual criminal because his prior convictions are trivial and stale and that the sentences imposed constitute cruel and unusual punishment. We have considered these arguments and conclude that they lack merit and do not warrant discussion in this opinion.
 

 [2]
 

 Neither the prior judgments of conviction nor the presentence investigation report have been provided to this court. From the record it appears that the prior convictions offered by the State included: a 1980 conviction for false imprisonment, a 1981 conviction for attempted robbery, a 1982 conviction for robbery, and a 1989 conviction for robbery.
 

 [3]
 

 NRS 207.010(l)(b) provides that a person convicted of “[a]ny felony, who has previously been three times convicted ... of any crime which under the laws of the situs of the crime or of this state would amount to a felony ... is a habitual criminal” and shall be punished by imprisonment for (1) life without the possibility of parole; (2) life with the possibility of parole after serving a minimum of 10 years; or (3) a definite term of 25 years, with parole eligibility after serving a minimum of 10 years.
 

 [4]
 

 The court sentenced Hughes for the second degree kidnapping of an elderly person pursuant to NRS 200.330 and NRS 193.167, not as a habitual criminal pursuant to NRS 207.010(l)(b).
 

 [5]
 

 We previously approved a stipulation by the parties and consolidated the cases for all appellate purposes.
 
 See
 
 NRAP 3(b).
 

 [6]
 

 Clark was convicted, pursuant to a jury verdict, of one count of failure to appear, which carried a sentence of not less than one nor more than six years imprisonment. At sentencing the State presented evidence of three prior felony convictions (burglary, forgery and possession of a stolen motor vehicle). The court sentenced Clark as a habitual criminal to life in prison with the possibility of parole.
 
 Clark,
 
 109 Nev. at 426-27, 851 P.2d at 426.