An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WILL JAMES HYBARGER,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 61642 |
| WILL JAMES HYBARGER,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 61643 |

FILED

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated appeals from judgments of conviction, pursuant to guilty pleas, of eluding a police officer and obtaining money by false pretenses. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Appellant Will Hybarger argues that the district court abused its discretion by imposing consecutive rather than concurrent sentences. This court has consistently afforded the district court wide discretion in its sentencing decision, see, e.g., Houk v. State, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and it is within that discretion to impose consecutive sentences, see NRS 176.035(1); see also Warden v. Peters, 83 Nev. 298, 303, 429 P.2d 549, 552 (1967). Because Hybarger's consecutive sentences of 28-72 months each are within the limits provided by statute, see NRS 205.380(1)(a), NRS 484.348 (now codified as NRS 484B.550(3)(b)), and Hybarger does not allege that the district court relied solely upon

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10508

impalpable or highly suspect evidence at sentencing, see <u>Denson v. State</u>, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996), we conclude that this claim lacks merit.

Hybarger also argues that the district court abused its discretion by failing to state on the record the factors it relied upon when imposing consecutive sentences. NRS 176.035(1) does not require that a sentencing judge make particularized findings when imposing a consecutive sentence, and we decline to exercise our authority to read such a requirement into the statute. See <u>Mendoza-Lobos v. State</u>, 125 Nev. 634, 641, 218 P.3d 501, 506 (2009); <u>see also</u> <u>Hughes v. State</u>, 116 Nev. 327, 333, 996 P.2d 890, 893 (2000) (noting that "this court has never required the district courts to utter 'talismanic' phrases" and instead "looks to the record as a whole to determine whether the sentencing court actually exercised its discretion"). Regardless, the district court noted Hybarger's extensive criminal history and danger to the community before pronouncing sentence. We conclude that this claim lacks merit. Accordingly, we

ORDER the judgments of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

 

cc: Hon. Janet J. Berry, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk