An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEXANDER UCEDA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61657

**FILED**

MAY 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, two counts of robbery with the use of a deadly weapon, discharging a firearm out of a motor vehicle, discharging a firearm at or into a structure, vehicle, aircraft, or watercraft, and failure to stop on signal of a police officer. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Appellant Alexander Uceda raises seven contentions on appeal.

First, Uceda contends that his convictions must be reversed based on the State's failure to disclose potentially exculpatory evidence. He asserts that the State failed to collect, lost, or did not turn over written statements of the victims taken on the night of the shooting. We conclude that this argument lacks merit. Trial testimony indicated that two witnesses wrote brief statements on the night of the incident, but did not complete the statements or police failed to collect the statements. Uceda did not demonstrate that, had the statements been available to the defense, the result of the proceedings would have been different. *See Mazzan v. Warden*, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000) (requiring that

proponent of *Brady*[1] claim demonstrate that withheld evidence that was favorable to accused resulted in prejudice); *Daniels v. State*, 114 Nev. 261, 267, 956 P.2d 111, 115 (1998) (providing that defendant must show that evidence that police failed to gather was material). Uceda's contention, that there were numerous inconsistencies in the written statements, was "'merely a hoped-for conclusion.'" *Sheriff v. Warner*, 112 Nev. 1234, 1240, 926 P.2d 775, 778 (1996) (quoting *Boggs v. State*, 95 Nev. 911, 913, 604 P.2d 107, 108 (1979)). As to his *Brady* claim, the record does not even indicate that the State was in possession of the witness' statements, thus, it could not have withheld the statements. *See Mazzan*, 116 Nev. at 67, 993 P.2d at 37.

Second, Uceda argues that his trial counsel were ineffective for failing to litigate the issue of the State's failure to preserve potentially exculpatory evidence. We have consistently declined to consider ineffective-assistance-of-counsel claims on direct appeal unless the district court has held an evidentiary hearing on the matter or an evidentiary hearing would be needless. *Pellegrini v. State*, 117 Nev. 860, 883, 34 P.3d 519, 534-35 (2001). As neither exception applies here, we decline to address this claim.

Third, Uceda contends that his conviction for failure to stop on the signal of a police officer should be reversed because his counsel improperly conceded his guilt. We disagree. Counsel's argument pointed out that the driver of the car arguably failed to stop on the signal of a police officer but that the evidence showed that Uceda was not the driver of the car. To the extent that he asserts that his counsel was ineffective

---

[1]*Brady v. Maryland*, 373 U.S. 83 (1963).

for making this argument, we decline to consider this argument. *Pellegrini*, 117 Nev. at 883, 34 P.3d at 534-35.

Fourth, Uceda argues that the State committed prosecutorial misconduct by impermissibly quantifying reasonable doubt. We disagree. Read in context, the State's argument did not impermissibly attempt to quantify the reasonable doubt standard. *See Evans v. State*, 117 Nev. 609, 631, 28 P.3d 498, 514 (2001) ("This court has repeatedly cautioned the district courts and attorneys not to attempt to quantify, supplement, or clarify the statutorily prescribed standard for reasonable doubt."). Instead, the argument permissibly disputed whether the explanations offered by the defense cast reasonable doubt on the evidence presented. Where the comments referenced the standard, they directed the jury to the given reasonable doubt instruction or used language consistent with that definition. Therefore, Uceda failed to demonstrate that the comments amounted to plain error affecting his substantial rights. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008).

Fifth, Uceda contends that the police violated the Fourth Amendment in searching the car prior to obtaining a warrant. We conclude that Uceda is not entitled to relief on this claim. Uceda failed to preserve this error for review because he did not file a motion to suppress in the district court. Consequently, the record on appeal is inadequate for this court to make a determination about the reasonableness of the search, *see generally State v. Lloyd*, 129 Nev. ___, ___, 312 P.3d 467, 469 (2013), or whether Uceda had standing to object to the search, *see McKee v. State*, 112 Nev. 642, 645, 917 P.2d 940, 942 (1996), and therefore Uceda cannot establish plain error, *see Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003).

Sixth, Uceda argues that the district court erred in sentencing him under the habitual offender statute and that his sentences violate the Eighth Amendment prohibition against cruel and unusual punishment. Our review of the record reveals that the district court erred in sentencing Uceda. According to the judgment of conviction, Uceda was adjudged an habitual offender and sentenced under that statute for all his convictions. The district court sentenced him to life without the possibility of parole for discharging a firearm out of a motor vehicle. This sentence is illegal. The charge was not one of the listed felonies in NRS 207.012(2) and the record does not indicate that the State introduced sufficient prior convictions to support the sentence under NRS 207.010(1)(b). Accordingly, we vacate his sentence on count 4 and remand for resentencing on that count.

We conclude that Uceda's arguments regarding his remaining sentences lack merit. Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). The remaining sentences imposed are within the parameters provided by the relevant statute, *see* NRS 207.010(1)(a), and Uceda does not allege that the statute is unconstitutional. Further, the record does not support Uceda's contention that the district court believed that habitual criminal adjudication

pursuant to NRS 207.010 was mandatory. *See Clark v. State*, 109 Nev. 426, 428, 851 P.2d 426, 427 (1993) ("The decision to adjudicate a person as a habitual criminal is not an automatic one."). We are not convinced that the sentences imposed are so grossly disproportionate to the crime and Uceda's criminal history as to constitute cruel and unusual punishment. *See Ewing v. California*, 538 U.S. 11, 29 (2003) (plurality opinion).

Seventh, Uceda argues that the cumulative effect of errors during his trial warrant the reversal of his convictions. Because we have found no error, other than the error for which we are remanding, there is nothing to cumulate. Accordingly, we

ORDER the judgment of conviction AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Douglas Smith, District Judge
     Christopher R. Oram
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk