An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THAYER BURTON A/K/A THAYER
JOSEPH BURTON, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66935

**FILED**

OCT 1 6 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying appellant Thayer Burton's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Burton argues that the district court erred by denying several claims of ineffective assistance of trial counsel. "A claim of ineffective assistance of counsel presents a mixed question of law and fact, subject to independent review," *Evans v. State*, 117 Nev. 609, 622, 28 P.3d 498, 508 (2001), but the district court's purely factual findings are entitled to deference, *Lara v. State*, 120 Nev. 177, 179, 87 P.3d 528, 530 (2004). Under the two-part test established by the United States Supreme Court in *Strickland v. Washington*, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) prejudice. 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987-88, 998, 923 P.2d 1102, 1107, 1114 (1996). "The defendant carries the affirmative burden of establishing prejudice." *Riley v. State*, 110 Nev. 638, 646, 878 P.2d 272, 278 (1994).

15-31584

First, Burton contends that the district court erred in denying his claim that trial counsel was ineffective for failing to properly notice Dr. John Paglini's testimony. We agree that the district court erred in concluding that trial counsel's performance was not deficient. Counsel's ignorance of the law requiring notice of penalty phase expert witnesses, *see Floyd v. State*, 118 Nev. 156, 169, 42 P.3d 249, 258 (2002), *abrogated on other grounds by Grey v. State*, 124 Nev. 110, 118, 178 P.3d 154, 160 (2008); *see also* NRS 175.552, could not form the basis of a reasoned tactical decision to not provide the required notice, *see Clark v. State*, 109 Nev. 426, 428, 851 P.2d 426, 429 (1993) (noting that an ignorant decision of counsel cannot be considered a tactical decision). However, Burton failed to demonstrate that had Dr. Paglini testified there was a reasonable probability that the outcome of the proceedings would be different. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey*, 112 Nev. at 988, 923 P.2d at 1107. The State introduced compelling evidence that demonstrated Burton's fascination with violence—writings and drawings referencing robbery, firearms, and murder—and his capacity to engage in it—his prior record which included a home invasion, shooting, and attempted armed robbery. Dr. Paglini's characterization of Burton as impulsive and his conjecture that Burton's intelligence would make him less likely to reoffend is significantly undermined by Burton's criminal history. Therefore, Burton failed to demonstrate that the district court erred in concluding that Dr. Paglini's testimony would not have reasonably affected the outcome of the penalty hearing.

Second, Burton argues that the district court erred in denying his claim that trial counsel was ineffective for failing to properly notice and present alibi witnesses. We disagree. The evidentiary hearing

testimony did not establish that counsel's investigation revealed a credible alibi or that any witness' testimony would establish a credible alibi. Thus, Burton failed to demonstrate that counsel's decision not to pursue an alibi defense was not a reasonable trial strategy. *See Lara*, 120 Nev. at 180, 87 P.3d at 530 (providing that "trial counsel's strategic or tactical decisions will be "'virtually unchallengeable absent extraordinary circumstances'" (citation omitted)). Moreover, as Burton's fingerprints were found on the victim's vehicle and the victim's blood was found on Burton's sweatshirt, Burton did not demonstrate a reasonable probability that he would not have been convicted had this evidence been introduced.

Third, Burton contends that the district court erred in denying his claim that trial counsel was ineffective for failing to investigate cellular tower location data. We conclude that this argument lacks merit. Even if Burton demonstrated that a phone for which his name was on the account was not near the crime scene during the murder, this evidence would have been of little value where other evidence showed that Burton used multiple phones. For this reason, it was reasonable not to investigate. *State v. Powell*, 122 Nev. 751, 759, 138 P.3d 453, 458 (2006) ("An attorney must make reasonable investigations or a reasonable decision that particular investigations are unnecessary." (citing *Strickland*, 466 U.S. at 691)). Further, as discussed above, physical evidence placed Burton at the scene at the time of the shooting, undermining any claim of prejudice based on this alleged failure to investigate.

Fourth, Burton argues that the district court erred in denying his claim that trial counsel was ineffective for eliciting harmful evidence that violated his right to confrontation. Burton asserts that counsel's

cross-examination of Randall McPhail permitted McPhail to testify that another "extremely qualified" expert approved of his findings. We conclude that Burton failed to demonstrate that he was prejudiced by McPhail's acknowledgment that another expert approved his report. First, McPhail's conclusion that some of the blood spatter stains resulted from blunt force trauma was consistent with the medical examiner's testimony. Second, as discussed above, there was overwhelming evidence of Burton's guilt notwithstanding McPhail's blood spatter testimony. Therefore, the district court did not err in denying this claim.

Fifth, Burton contends that the district court erred in denying his claim that counsel was ineffective for inviting comment on his prior silence. We disagree. On direct appeal, we held that Burton could not demonstrate that the comments prejudiced him because the State presented overwhelming evidence of his guilt. *Burton v. State*, Docket No. 54170 (Order of Affirmance, June 1, 2012), at 12. As he could not demonstrate prejudice from the prosecutor's statement, Burton could not demonstrate that he was prejudiced by his counsel's invitation of the comment.

Sixth, Burton argues that the cumulative effect of his trial counsel's errors deprived him of a fair trial. We disagree. Even assuming that counsel's deficiencies may be cumulated, *see Ramseyer v. Wood*, 64 F.3d 1432, 1438 (9th Cir. 1995) (concluding that prejudice may result from cumulative effect of multiple counsel deficiencies); *State v. Thiel*, 665 N.W.2d 305, 322 (Wis. 2003) (concluding that multiple incidents of deficient performance may be aggregated in determining prejudice under *Strickland*), and in particular, when the individual deficiencies did not result in prejudice, *see McConnell v. State*, 125 Nev. 243, 259 n.17, 212

P.3d 307, 318 n.17 (2009), the deficiencies in counsel's performance (failing to notice expert testimony during the penalty phase of trial, eliciting harmful evidence that bolstered forensic testimony, and inviting comment by the prosecution on his prior silence) had no cumulative impact warranting reversal of Burton's convictions or sentence.

Having considered Burton's contentions and concluding that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Elissa F. Cadish, District Judge
        Christopher R. Oram
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk