IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS CASH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77018

**FILED**

SEP 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE
### AND REMAND TO CORRECT CLERICAL ERROR

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree murder with use of a deadly weapon. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Thomas Cash argues the State failed to present sufficient evidence to support the guilty verdict, and the district court abused its discretion in adjudicating him as a habitual criminal.[1] We disagree.

First, Cash argues that the State failed to prove beyond a reasonable doubt that Cash did not act in self-defense. This court will uphold a conviction if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, when viewing the

---

[1]To the extent Cash argues that the prosecutor made incorrect statements of the law during closing argument, he does not support this contention with any cogent argument or citation to relevant authority, and therefore, we decline to address this issue. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987); *see also* NRAP 28(a)(10)(A).

19-38191

evidence in a light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). A jury's verdict will not be disturbed on appeal where, as in this case, sufficient evidence supports its verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Here, Cash intervened during an argument between his stepdaughter and the father of her children K. Davis outside of Cash's home. The incident escalated to a physical fight involving Cash, Davis, and Davis's friend E. Devine. Cash produced a knife and stabbed Devine in the chest. Cash fled the scene and disposed of the murder weapon. Cash told law enforcement he killed Devine in self-defense. The jury heard testimony from several witnesses to the incident. Though Cash did not testify, a homicide detective provided testimony regarding the voluntary statements Cash made to law enforcement. The witnesses offered differing versions of the incident. This court has repeatedly held that "whenever conflicting testimony is presented, it is for the jury to determine what weight and credibility to give to that testimony." *Allen v. State*, 99 Nev. 485, 487, 665 P.2d 238, 240 (1983). The record shows that a rational fact-finder could have determined that Cash did not act in self-defense; specifically, there was evidence and testimony that Cash initiated the conflict, only he had a weapon, he fled from the scene, and he disposed of the murder weapon. *See Runion v. State*, 116 Nev. 1041, 1051, 13 P.3d 52, 59 (2000) ("The right of self-defense is not available to an original aggressor."). Therefore, we conclude that a rational fact-finder could have found the essential elements of second-degree murder with use of a deadly weapon beyond a reasonable doubt. *See* NRS 200.010; NRS 200.030; NRS 193.165.

SUPREME COURT
OF
NEVADA

(O) 1947A

Second, Cash argues the district court erred in adjudicating him as a habitual criminal under NRS 207.010(1)(b) and sentencing him to life without the possibility of parole. This court reviews a district court's adjudication of a defendant as a habitual criminal for an abuse of discretion. *Clark v. State*, 109 Nev. 426, 428, 851 P.2d 426, 427 (1993). "The [habitual criminal] statute contains no express limitation on the judge's discretion." *Tanksley v. State*, 113 Nev. 997, 1004, 946 P.2d 148, 152 (1997).

Here, the State presented evidence of Cash's prior convictions for (1) possession/purchase of cocaine base for sale in 1989, (2) second-degree robbery with use of a firearm in 1991, and (3) two counts of second-degree robbery with use of a firearm in 1997. Cash relies on *Sessions v. State* to argue his prior felony convictions are stale, unrelated, and do not warrant his habitual criminal classification. 106 Nev. 186, 789 P.2d 1242 (1990). NRS 207.010 does not make an exception for stale or unrelated felonies; instead, the district court considers such factors within its broad discretion. *See Arajakis v. State*, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992). The district court considered argument from the State and Cash and recognized the discretionary nature of adjudicating Cash as a habitual criminal. And Cash's history and instant conviction show repeated violent conduct involving use of a deadly weapon. Therefore, we conclude the district court did not abuse its discretion in adjudicating Cash as a habitual

criminal and imposing a sentence within the statutory limits.[2] Accordingly, we

ORDER the judgment of conviction AFFIRMED AND REMAND this matter to the district court to correct clerical error.[3]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Stiglich                                        Douglas

cc:    Chief Judge, The Eighth Judicial District Court
       Eighth Judicial District Court, Dept. 8
       Brian S. Rutledge
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]We note the judgment of conviction contains a clerical error; it incorrectly references NRS 207.012, the habitual felon statute. The record clearly shows that the district court sentenced Cash as a habitual criminal under NRS 207.010(1)(b). Following this court's issuance of its remittitur, the district court shall enter a corrected judgment of conviction. *See* NRS 176.565 (providing that clerical errors in judgments may be corrected at any time); *Buffington v. State*, 110 Nev. 124, 126, 868 P.2d 643, 644 (1994) (explaining that the district court does not regain jurisdiction following an appeal until this court issues its remittitur).

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.