IN THE SUPREME COURT OF THE STATE OF NEVADA

SCHEMAJ GRAY, A/K/A WILLIE GRAY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79797

FILED

DEC 14 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

### BACKGROUND

Appellant Schemaj Gray was charged with conspiracy to commit robbery, robbery with use of a deadly weapon, first degree kidnapping with use of a deadly weapon, possession of stolen property, burglary, and obtaining money under false pretenses as the result of a series of events involving victim Christopher Prechtl.[1] Prechtl alleged two strangers had falsely claimed to be Uber drivers and robbed him of his Rolex watch at gunpoint. The "strangers" were later identified as Gray and his cousin Joseph Wallace. Gray's defense was that he and Prechtl were not in fact strangers. Gray claimed that he regularly sold drugs to Prechtl. Although Gray admitted to pawning the Prechtl's Rolex watch, he claimed that Prechtl gave him the watch as collateral for drug debts. At trial, the jury found Gray guilty of burglary and obtaining money under false pretenses. Gray was acquitted of the remaining charges. The district court

---

[1]We do not recount the facts except as necessary to our disposition.

sentenced Gray as a habitual criminal, pursuant to NRS 207.010(1)(a), to a term of 60 to 150 months on each count, to run concurrent.

## DISCUSSION

*The State committed prosecutorial misconduct in closing arguments, but it was harmless error*

Gray first argues that the State committed prosecutorial misconduct during its closing arguments. At closing argument, the State referenced Wallace, Gray's cousin and original codefendant, who had pleaded guilty prior to trial. The State did not mention that plea. However, the prosecutor said: "As you've probably imagined, Mr. Wallace isn't here. He hasn't been with us all week. That for the purposes of Mr. Gray's guilt or not guilt doesn't matter. You can't speculate as to why he's not here. You don't know if he's pled guilty. You don't know if he's never charged. You don't know—." At this point the defense objected, and the district court sustained the objection and admonished the jury to disregard the comments.

In reviewing claims of prosecutorial misconduct, this court determines whether the prosecutor's conduct was improper and, if so, whether the conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). If the error is preserved and of a constitutional dimension—that is, if it involves impermissible comment on a constitutional right or, "so infected the trial with unfairness as to make the resulting conviction a denial of due process"—this court will reverse unless the State demonstrates beyond a reasonable doubt that the error did not contribute to the verdict. *Id.* at 1189-90, 196 P.3d at 476-77 (internal quotation marks omitted). If the misconduct is not of a constitutional dimension, this court will reverse "only if the error substantially affects the jury's verdict." *Id.* at 476.

It was illogical and improper for the State to tell the jury that they should not consider any potential progression of any case against Wallace in determining Gray's guilt, and then mention options of what, exactly, could be the progression (or lack of progression) of any case against Wallace. This was not permissible commentary on the evidence, but rather the improper outlining of hypotheticals on matters that were not admitted into evidence, followed by instructions to the jury to disregard them. As such, we find it was misconduct. However, we conclude that the error was not of a constitutional dimension. Gray argues the statement raised Confrontation Clause implications which make it error of a constitutional dimension. This argument fails. Merely mentioning the existence of a former codefendant does not constitute testimony of a former codefendant in violation of Gray's Confrontation Clause rights. *Cf. Bruton v. United States*, 391 U.S. 123, 137 (1968); *see Byford v. State*, 116 Nev. 215, 229, 994 P.2d 700, 710 (2000). Further, we find the statement did not so infect the proceedings as to constitute a denial of due process or substantially affect the verdict. The district court's admonishment cured any prejudice caused by the statement, especially coupled with the instruction that they were not to consider any other party's guilt or innocence in the matter. *See Valdez*, 124 Nev. at 1195, 196 P.3d at 480; *Rose v. State,* 123 Nev. 194, 209, 163 P.3d 408, 418 (2007).

Gray further argues that the State committed prosecutorial misconduct at trial by mischaracterizing evidence and being argumentative while cross-examining Gray. We disagree. We conclude this was not misconduct, and certainly not misconduct sufficient to infect the proceedings with unfairness, because defense counsel made timely objections, sustained by the district court, which limited argumentative or

SUPREME COURT
OF
NEVADA

(O) 1947A

3

conclusory questioning by the prosecutor. *See Valdez*, 124 Nev. at 1192, 196 P.2d at 478-79 (finding no prejudice or "infect[ion]" when the district court sustained the defendant's objection and instructed the jury to disregard the improper comment).

Gray next argues the State committed prosecutorial misconduct in rebuttal by characterizing jail call evidence as prior inconsistent statements rather than as substantive rebuttal evidence. We conclude this was not misconduct, because, at closing argument, a prosecutor may "comment upon the testimony and ask the jury to draw inferences from the evidence, and has the right to state fully his views as to what the evidence shows." *Bridges v. State*, 116 Nev. 752, 762, 6 P.3d 1000, 1008 (2000) (quoting *State v. Green*, 81 Nev. 173, 176, 400 P.2d 766, 767 (1965)). In addition, even if the statements were improper, the district court sustained Gray's objection at trial, and allowed the prosecutor to qualify the statement.

*The district court did not admit prejudicial and irrelevant evidence*

Gray alleges on appeal that several forms of evidence were improperly admitted by the district court because they were prejudicial and irrelevant. A district court's decision "to admit or exclude evidence" is reviewed by this court for an abuse of discretion. *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008); *see also Byford*, 116 Nev. at 231, 994 P.2d at 711. Here, we review the evidence Gray alleges was improperly admitted, and conclude whether or not there was any abuse of discretion by the district court.

Gray argues the district court improperly admitted prejudicial evidence. He argues the introduction of recorded calls from jail unfairly prejudiced him by referencing his incarceration. In the calls, Gray raises

doubts about whether the victim would have recognized him at the preliminary hearing had he not been sitting with counsel at the defendant's table. The recorded jail telephone calls were probative towards resolving differing testimony regarding whether the victim and Gray knew each other before the night of the alleged robbery. *See* NRS 48.015 (defining "relevant evidence"). We thus conclude that the calls were relevant to the jury's task of weighing the credibility of that competing testimony. *See Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 438-39 (1975). The probative value of this evidence is not substantially outweighed by any unfair prejudice resulting from the jury knowing Gray had been incarcerated, particularly since the jail calls did not reference Gray's incarceration status at the time of trial. *See* NRS 48.035(1); *cf. Haywood v. State*, 107 Nev. 285, 288, 809 P.2d 1272, 1273 (1991) (providing that a district court must protect a defendant's right to the "indicia of innocence" by not informing the jury that the defendant is incarcerated, which may "have the same prejudicial effect as bringing a shackled defendant into the courtroom"). As such, we conclude the district court acted within its discretion in admitting the calls. *See Byford*, 116 Nev. at 231, 994 P.2d at 711 (reviewing district court's admission of evidence for abuse of discretion).

Gray next argues the district court permitted improper cross-examination about his past drug sales, which was irrelevant and prejudicial. The State cross-examined Gray about his participation in drug sales that were not directly related to selling drugs to the victim. "Cross-examination is limited to the subject matter of the direct examination and matters affecting the credibility of the witness." NRS 50.115. On direct examination, Gray testified regarding selling drugs to the victim and others. He testified that the victim owed him a debt as a result of those

sales and that he had not typically extended similar credit to other buyers. We conclude that this testimony on direct examination opened the door to the State questioning Gray about selling drugs during cross-examination. The district court did not abuse its discretion in overruling Gray's objection to the cross-examination. *See Byford*, 116 Nev. at 231, 994 P.2d at 711.

Gray next argues the district court improperly allowed prejudicial and irrelevant evidence regarding Gray's car ownership to be presented to the jury. On direct examination, Gray testified that he did not own or use a car matching the description provided by the victim and that he drove a different car that night. He argues the court improperly allowed his probation officer (although their relationship was not named in front of the jury) to testify that Gray did not, to the officer's knowledge, own the car Gray testified to driving on the night of the alleged offenses. Here, the officer's testimony was relevant to rebut Gray's testimony, and it was not an abuse of discretion to allow the prosecution to impeach that testimony. *See* NRS 48.025(1). The district court took precautions to ensure the jury did not learn anything about the nature of the officer's and Gray's relationship, only allowing testimony regarding how long they had known and seen one another. Therefore, we find the evidence was not substantially more prejudicial or misleading than it was probative to the credibility of Gray's account of his interactions with the victim. It was within the district court's discretion to admit this evidence to impeach Gray's testimony. *See Byford*, 116 Nev. at 231, 994 P.2d at 711.

*The district court properly limited Gray's closing argument comments regarding reasonable doubt*

Gray next argues the district court improperly restricted his right to assistance of counsel by cutting short his counsel's argument regarding reasonable doubt. We disagree. NRS 175.211 does not allow

SUPREME COURT
OF
NEVADA

(O) 1947A

counsel to redefine "reasonable doubt." "This court has repeatedly cautioned [both] district courts and attorneys not to attempt to quantify, supplement, or clarify the statutorily prescribed standard for reasonable doubt." *Evans v. State*, 117 Nev. 609, 631, 28 P.3d 498, 514 (2001), *overruled on other grounds by Lisle v. State*, 131 Nev. 356, 366 n.5, 351 P.3d 725, 732 n.5 (2015). In short, because Gray's argument was an attempt to clarify the reasonable doubt instruction through paraphrase and commentary and because the jury was otherwise properly instructed on reasonable doubt, we cannot conclude the district court erred by foreclosing counsel's argument in this regard.

*The district court properly adjudicated Gray under the habitual criminal statute*

The district court sentenced Gray according to the "small" habitual criminal statute. NRS 207.010(1)(a).[2] This court reviews sentencing determinations for an abuse of discretion. *Lloyd v. State*, 94 Nev. 167, 170, 576 P.2d 740, 742 (1978). Gray correctly notes that "it may be an abuse of discretion for the court to enter a habitual criminal adjudication when the convictions used to support the adjudication are nonviolent and remote in time." *Clark v. State*, 109 Nev. 426, 428, 851 P.2d 426, 427 (1993). However, his arguments that the past convictions were too stale, related to one another, or nonviolent to justify the enhanced sentence were carefully considered below and found lacking. The district court concluded, and we agree, that the State demonstrated twice the number of statutorily required felonies necessary to sentence Gray under the small

---

[2]The State presented four qualifying felonies. At the time of his trial and sentencing, NRS 207.010(1)(a) required only two prior felony convictions under the statute, rather than the current five. *See* 2009 Nev. Stat., ch. 156, § 1, at 567.

habitual criminal statute. In so doing, the court made a reasoned, non-automatic decision to impose its sentence. *See id.* ("The decision to adjudicate a person as a habitual criminal is not an automatic one."). We conclude that here, the district court properly exercised its direction in applying the habitual criminal statute.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Valerie Adair, District Judge
        Clark County Public Defender
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk