
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE D. GREEN, | No. 10-15429 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-01108-RCJ-RJJ |
| v. | |
| DWIGHT NEVEN, Warden; ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Submitted September 13, 2012**
San Francisco, California

Before: WALLACE, GRABER, and BERZON, Circuit Judges.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lawrence D. Green appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his Nevada conviction for two counts of grand larceny and two counts of burglary.

**1.** For each grand larceny count, at least one witness testified to the goods' value, using either a report or a receipt created shortly after the theft to refresh his or her recollection at trial. The Nevada Supreme Court's determination that this evidence was sufficient to show that the $250 grand larceny threshold was met was a reasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979).

**2.** The Nevada Supreme Court did not unreasonably apply, or reach a decision contrary to, federal law in denying Green's ineffective assistance of counsel claims.

Green has not shown that the surveillance video he claims his counsel should have obtained actually existed, or that such video would have helped him had it existed. He has therefore neither demonstrated that his lawyer was ineffective for not introducing the surveillance tapes nor established a "reasonable probability" of a contrary outcome at trial had trial counsel sought to introduce the surveillance tapes. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011).

Green has also not established prejudice from his counsel's failure to object to testimony regarding Green's prior trespass warnings. The likely prejudicial effect of the testimony was minimal, given the weight of the evidence supporting Green's presence, the theft, and the value of the goods on October 13 and 18. As to the related claim regarding counsel's failure to obtain discovery of the forms documenting Green's prior trespass warnings, even if Green never signed one of the forms, proof of that circumstance would not have had a reasonable likelihood of affecting the jury verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

Nor has Green established that the Nevada courts unreasonably denied his claim concerning the failure of his counsel to challenge the trial court's denial of Green's motion to sever the October 13 counts from the October 18 counts. Nevada law permits joinder of criminal counts that are "part[] of a common scheme or plan." Nev. Rev. Stat. § 173.115. The Nevada Supreme Court cited ample reasons, supported by the record, for holding the two incidents part of a common scheme to steal from supermarkets by bagging unpaid groceries, placing them in a cart, and exiting the store without paying. Counsel had ample reason for not appealing the weak severance claim. *See Harrington v. Richter*, 131 S. Ct. 770, 789 (2011); *Bailey v. Newland*, 263 F.3d 1022, 1028-29 (9th Cir. 2001).

**3.** Green contends that the trial judge violated Nevada law in sentencing him as a habitual offender, resulting in a due process violation. Nevada law requires no more than that the sentencing court "exercise its discretion and weigh the appropriate factors for and against the habitual criminal statute before adjudicating a person as a habitual criminal." *Hughes v. State*, 996 P.2d 890, 893 (Nev. 2000) (per curiam). The record shows that Green's sentencing proceedings met these minimal requirements, notwithstanding the judge's animosity toward Green and use of some hyperbole regarding Green's danger to society. The Nevada Supreme Court's conclusion that the sentencing court exercised its discretion in adjudicating Green a habitual offender was therefore not contrary to, or an unreasonable application of, clearly established federal law. *See Hicks v. Oklahoma*, 447 U.S. 343 (1980).

**AFFIRMED.**