An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DESHAWN LAMONT THOMAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61836

**FILED**

MAY 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of pandering, living from the earnings of a prostitute, and pandering: furnishing transportation. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

First, appellant Deshawn Thomas argues that the district court abused its discretion by denying his presentence motion to withdraw his guilty plea, and by doing so without conducting an evidentiary hearing, because prior to pleading guilty counsel informed him that an unnamed witness was available to testify at trial and after pleading guilty he discovered that the witness was unavailable.[1] A district court may grant a presentence motion to withdraw a guilty plea for any substantial, fair, and just reason, and this court will not reverse the district court's

---

[1]On appeal, Thomas also argues that counsel misrepresented "the state of the State's trial readiness" and "the state of the evidence." We decline to consider these claims because Thomas only challenged counsel's representations regarding the availability of the unnamed witness below. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

13-143641

determination absent an abuse of discretion. *Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001). Here, the district court denied Thomas' request for an evidentiary hearing because he provided only a bare claim that would not entitle him to relief even if true, *see Hargrove v. State*, 100 Nev. 498, 502–03, 686 P.2d 222, 225 (1984), and denied his motion to withdraw his guilty plea because the record otherwise demonstrated that his plea was valid. The record supports these determinations. *See Crawford,* 117 Nev. at 721-22, 30 P.3d at 1125-26. We conclude that the district court did not abuse its discretion by denying Thomas' request for an evidentiary hearing and his motion to withdraw his guilty plea.

Second, Thomas argues that the district court abused its discretion by adjudicating him as a habitual criminal solely because it was presented with the requisite amount of prior convictions without undertaking a weighing analysis on the record. Our review of the record reveals that the district court noted that it was "just and proper" to sentence Thomas as a habitual criminal and reflects that the district court followed the sentencing recommendation of both parties. Moreover, a district court is not required to make particularized findings on the record. *See Hughes v. State*, 116 Nev. 327, 333, 996 P.2d 890, 893 (2000). We conclude that the district court did not abuse its discretion. *See Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987).

Third, Thomas argues that three concurrent sentences of 8 to 20 years constitute cruel and unusual punishment because it is excessive to achieve the goals of punishment. We disagree. Thomas was sentenced under the small habitual criminal statute because of his multiple prior felony convictions and for his role in bringing a minor into the state and

forcing her to serve as a child prostitute. *See Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (noting that a sentence is not cruel and unusual punishment unless it is so grossly disproportionate to the crime that it shocks the conscience); *Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion). Thomas' sentence falls within the statutory parameters, *see* NRS 207.010(1)(a), and he does not contend that the statute fixing punishment is unconstitutional. We conclude that this claim lacks merit.

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Michelle Leavitt, District Judge
     Law Office of Scott P. Eichhorn, LLC
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk